Opinion by
Watkins, J.,
This is an appeal by the defendant-appellant, George Reed, from the order of the Court of Quarter Sessions of Philadelphia County denying his motions for a new trial nunc pro tunc or in the alternative, for an arrest *12 of judgment. The leave to file the motions was permitted by Judge Thomas M. Reed on appellant’s petition under the Post Conviction Hearing Act, on the ground that appellant’s trial counsel had failed to advise him of his right to appeal.
This appellant, together with Andrew Smith and Kenneth Poster, was indicted for aggravated robbery. They were tried together before Judge Ethan Allen Doty. After trial, the judge directed a verdict of “not guilty” in the case of Poster and the jury returned “guilty” verdicts against the appellant Smith. The appellant was sentenced to a term of from seven and one-half to fifteen years.
The serious question involved in this appeal is whether an adverse comment made by the trial judge in regard to the appellant’s failure to call a co-defendant to testify is reversible error. At the close of the trial court’s charge the trial judge not only commented on the appellant’s failure to call a privileged witness but made it very clear that an inference unfavorable to the appellant could be drawn from his failure to do so. The instructions of the trial judge to the jury were as follows:
“There was argument here by counsel for the defendants that the Commonwealth failed to call a detective who might have testified as to a statement that Mr. Rhodes had made concerning the description of the individuals. The Commonwealth did not call him. On the other hand, the detective — there is no testimony before you that the detective was available and so you don’t know. And on the other hand, although Mr. Foster[1] was sitting in the courtroom throughout these proceedings, he was not called to the witness stand, either, to corroborate testimony given by Mr. Reed or Mr. Smith, and you had no explanation in this situation, either. So all of these are matters that you have to consider.” This was fundamental error.
*13 In Commonwealth v. Miller, 205 Pa. Superior Ct. 297, 208 A. 2d 867 (1965), this Court held that an instruction to a jury that they had a right to draw an inference from the defendant’s failure to call witnesses or to better defend himself was prejudicial error. If a trial court may not comment on the failure of a defendant to call a witness or witnesses or for failure to take the stand himself or suggest that inferences may be drawn therefrom, most certainly the court may not adversely comment on the failure of a witness, who was privileged as a co-defendant, not to be called.
The Act of May 23, 1887, P. L. 158, §10, 19 PS §631, provides: “Except defendants actually upon trial in a criminal court, any competent witness may be compelled to testify in any proceeding, civil or criminal; but he may not be compelled to answer any question which, in the opinion of the trial judge, would tend to criminate him; nor may the neglect or refusal of any defendant, actually upon trial in a criminal court, to offer himself as a witness be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial.”
The privilege of the co-defendant not to testify is constitutionally protected. He may remain silent and would be severely prejudiced if he had to claim his privilege after being called. Pa. Const. Art. I, §9; Griffin v. California, 380 U.S. 609 (1965). By virtue of the statute and both constitutions this co-defendant was not available to testify.
The attempt of the court to correct his error when it was called to his attention by defendant’s counsel did not cure the prejudicial error. The court said: “Mr. Poster was under no obligation to take the witness stand. There was no duty on Mr. Poster to testify here. There was no duty. I will point that out.” The error in the court’s charge was not the implication that Poster had a duty to testify but that appellant *14 could have called Foster had he wished to do so aud the jury could take this into consideration.
The judgment of the court below is reversed and a new trial granted.

 A co-defendant.