## Commonwealth *v.* Miller, Appellant.

298

Argued March 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*John P. Yatsko,* with him *Fitzgerald & Yatsko,* for appellant.

*Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., April 15, 1965:

In this appeal, the defendant, Michael Miller, was tried and convicted by a jury in the Court of Oyer and Terminer of Montgomery County of burglary, robbery and conspiracy. His post trial motions for a new trial and, in the alternative, for arrest of judgment, were denied. He was sentenced to a fine and imprisonment from seven to twenty years.

The appellant's contention concerning the admission of the confession of a co-conspirator, not on trial,

being reversible error is without merit. As the court below explained the situation: "In the instant case, however, the trial court was faced with a somewhat novel situation. On direct examination, Knisely testified fully to his and the defendant's participation in the three armed robberies. On cross-examination, defendant in an attempt to totally impeach and discredit Knisely's testimony offered into evidence exhibit D-1, a statement written by Knisely at defendant's request, while both were in the county prison prior to Knisely's plea and defendant's trial. Said statement repudiated his confession and declared that Miller was completely innocent of these crimes. On redirect examination Knisely's confession as offered by the district attorney was then admitted into evidence by the trial court, but not for its verity as such, or as primary evidence for the Commonwealth, but rather as rebuttal evidence to the exonerating statement offered by defendant."

The rule is well stated in *Commonwealth v. Martin*, 124 Pa. Superior Ct. 293, 188 Atl. 407 (1936), at page 302: "When the testimony of a witness has been impeached by proof of a conflicting statement, or by a suggestion that his testimony is a recent fabrication, the party offering the witness may be permitted to support his credibility by proof of prior statements consonant with his testimony. The sole purpose of such evidence is to sustain the credibility of the witness; the prior statement cannot be received as direct or corroborative evidence of the facts stated upon the stand by the witness . . ."

And the trial judge carefully charged the jury as follows: "Now, I admitted the written statement which he gave to the police not as primary evidence for the Commonwealth, but to rebut the evidence, if you want to consider it, concerning the statement given to Mr. Miller, which Mr. Miller produced. What you will consider is the evidence as it came from the lips of Mr.

Knisely implicating Miller, and you can believe it or you can disbelieve it. You can find it credible or you can find it not worthy of credibility."

The serious complaint in this appeal involves the alleged comment on defendant's failure to testify and the instruction of the court in answer to a question posed by the jury concerning the calling of witnesses.

In the district attorney's closing address to the jury he is alleged to have said: "Leonard Bleecher was the only witness on behalf of the defendant; the defendant himself did not take the witness stand." Counsel for the defendant interrupted the address and asked for the withdrawal of a juror. The motion was denied. The defendant contends that this comment by the district attorney, if made, falls within the proscription of Act of May 23, 1887, P. L. 158, §10, 19 PS §631, which reads as follows: "Except defendants actually upon trial in a criminal court, any competent witness may be compelled to testify in any proceeding, civil or criminal; but he may not be compelled to answer any question which, in the opinion of the trial judge, would tend to criminate him, nor may the neglect or refusal of any defendant, actually upon trial in a criminal court, to offer himself as a witness be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial."

In this case we are not deciding that this comment, if made, standing alone, would constitute reversible fundamental error. But it must be taken into consideration, in this case, because of what happened in the latter part of the trial. It is true that ordinarily the district attorney has no justifiable excuse for calling the jury's attention to the matter of a defendant's election not to testify. In *Com. v. Wilcox*, 316 Pa. 129, 173 A. 653 (1934), the Supreme Court said: "If the remark is of such a character as to violate the accused's constitutional rights, such as a reference to his

failure to take the witness stand, it cannot be cured by the trial judge and a new trial must be ordered; . . .''. However it has been held permissible in criminal cases for the trial judge and the district attorney to comment to the jury on the defendant's failure to testify provided it is done fairly and does not attempt to raise any adverse inference in the mind of the jury. The statute prohibits adverse comment; not comment generally. *Peters v. Shear*, 351 Pa. 521, 525, 41 A. 2d 556 (1945) ; *Com. v. Kloiber*, 378 Pa. 412, 417, 106 A. 2d 820 (1954) ; *Com. v. Ross*, 403 Pa. 358, 371, 169 A. 2d 780 (1961). See: Laub Penna. Trial Guide, §185.

The trial judge charged the jury carefully and fully on the question of the defendant's failure to take the stand and the district attorney has no recollection of having made the remarks concerning which the defendant makes complaint. There is no transcript of the closing remarks.

However, after the jury was out for about five hours they submitted the following question to the trial judge in writing: "Does a juror have the right to take into consideration the fact that the defense made no attempt to defend the accused by witnesses?" This clearly shows that in the deliberations of the jury the question of the failure of the defendant to call witnesses was discussed. At this stage of the trial and in order to guarantee to this defendant a fair trial, this question deserved an unequivocal No as an answer. The only reason for the question to be put was to satisfy the jury that it properly could consider the failure to call witnesses adversely to the defendant.

The trial judge repeated his prior proper instructions in regard to the election of the defendant not to take the stand and then said: "Therefore, my answer to your question, therefore, as I said, is, 'Yes, a juror does have a right to take into consideration the fact that the defense made no attempt to defend the ac-

cused by witnesses', if that is what you found he did, if he made no attempt, but, as I say, he called one witness on his behalf. So obviously you can take that into account, but you can't draw anything adverse to the defendant by the fact that he, the defendant, did not take the stand." Counsel for the defendant then urged upon the court that the answer to this question should have been No but the trial judge denied his request and noted an exception.

This answer was a clear affirmation not only that the jury could take into consideration the failure of the defendant to attempt to get witnesses and that witnesses were not called by the defendant but because of the emphasis placed on the fact that they could not make an adverse inference in the case of the defendant's election that they could make such an adverse inference because he failed to better defend himself.

This is fundamental error because he is under no duty to take the stand or produce evidence of his innocence but may stand mute protected by the presumption of innocence and demand that the Commonwealth sustain its burden of proving his guilt beyond a reasonable doubt. With this charge the jury may draw an adverse inference from the defendant's failure to produce evidence and, in effect, treat it as circumstantial evidence of guilt which, together with the Commonwealth's evidence could convince the jury beyond a reasonable doubt.

The trial judge's answer in effect nullified the presumption of innocence, abrogated the right to remain silent and instructed the jury to make adverse inferences. *Com. v. O'Toole,* 159 Pa. Superior Ct. 592, 49 A. 2d 267 (1946); *Com. v. Viscuso,* 82 Pa. Superior Ct. 403 (1923). In a number of cases in other jurisdictions remarks or arguments to the effect of the failure of the defendant to produce witnesses have been held to be prejudicial. These cases are collected in 29

A.L.R. 2d p. 1010. From the charge of the court in answer to the jury's question a reasonable inference can be made by the jury that the defendant would have called witnesses if he were not guilty. *Com. v. Holley,* 358 Pa. 296, 56 A. 2d 546 (1948).

In *Com. v. Bonomo,* 396 Pa. 222, at page 229, 151 A. 2d 441 (1959), the Supreme Court said: "The presumption of innocence grew up as a policy of law and is not based upon probabilities at all. It represents the law's humane approach to the solution of a dispute which may result in the loss of life or liberty. Because of this concern the law has ordained that any government which seeks to take from any person his life or liberty has the burden of proving justification for doing so. It is the continuing presumption of innocence which is the basis for the requirement that the state has a never-shifting burden to prove guilt beyond a reasonable doubt. Commonwealth v. Holgate, 63 Pa. Superior Ct. 246. Since this presumption is with the defendant not only at the beginning of the trial but throughout all its stages, and even while the jury is considering its verdict, it is obvious that no contrary presumption can be indulged."

It is held almost universally in the United States by legislative decrees in varying phraseology that the inference shall not be availed of. The burden of proof is on the prosecution and the accused is not required by any rule of law to produce evidence. But, nevertheless, he may run the risk of an inference from this nonproduction. Wigmore on Evidence, Vol. VIII, §2273, page 450.

It is not contended that this defendant was entitled to a point for charge to the effect that the jury could not consider adversely his failure to call witnesses. This is not before us. The question to be decided here is whether the court in a criminal case may charge the jury that it may draw an inference of guilt from his failure to call witnesses.

The Act of May 23, supra, Art. 1, §9 of the Constitution of Pennsylvania and the Fifth and Fourteenth Amendments of the Constitution of the United States protect and guarantee the rights of all citizens to a fair trial. We are convinced that the defendant's rights set forth in the law were violated by the answer given by the trial judge to the jury's question so that he is entitled to a new trial.

Judgment of sentence reversed and new trial granted.

ERVIN, P. J., and WRIGHT, J., would affirm on the opinion of the court below.