Commonwealth *v*. Reynolds, Appellant.

Argued June 21, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Robert F. Simone,* for appellant.

*Richard A. Devlin,* Assistant District Attorney, with him *Henry T. Crocker,* Assistant District Attorney, and *Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 15, 1966:

Appellant-defendant was tried before the Honorable DAVID E. GROSHENS with a jury, was found guilty of the crime of burglary and sentenced. Post-trial motions having been refused, this appeal followed and the issues raised are limited to (a) the sufficiency of the evidence and (b), the propriety of admitting a statement made by defendant to a police officer after his arrest, and before he had secured counsel, that he had been in the apartment described in the indictment.

The following facts were proved. On October 16, 1963, Mr. and Mrs. Guerino and their five year old daughter lived at Apartment C-20, Bethayres Valley Apartments, Lower Moreland Township, Montgomery

County, Pennsylvania. About 2:00 p.m. on that day Mrs. Guerino unexpectedly returned to her apartment and on opening the front door saw a man, identified as the defendant, walk out of her bedroom into the foyer. Mrs. Guerino ran for the assistance of a neighbor, Miss Elkins. The defendant went down the backstairs and calmly walked to the front of the building where he was confronted by the two women, Mrs. Guerino and Miss Elkins, to whom he admitted being in the apartment but explained that he had business with Mr. Guerino, who had given him a key. After the defendant refused to give his name or explain his business Mrs. Guerino insisted on calling her husband and the police. When the ladies became excited he left in an automobile on which the license plate had been bent to prevent a full view of the numbers thereon. Upon returning to her apartment Mrs. Guerino discovered that her jewel box had been moved.

The credibility of the witnesses and the weight of their testimony being for the jury, it may be concluded that the jury found that the defendant had been in the apartment and had handled the jewel box; and further, that he had no business in the apartment. These findings, plus the further facts that he refused to give his name or explain his business and left before the husband or police could be called, in a car with the license plate obscured, were circumstances amounting to more than a suspicion that the defendant had a criminal intent when entering the apartment. Such circumstances were sufficient to support the verdict, as it is not necessary that they exclude every other reasonable possibility, except guilt. *Commonwealth v. Olitsky,* 184 Pa. Superior Ct. 144, 133 A. 2d 238 (1957). See also, *Commonwealth v. Abdo,* 162 Pa. Superior Ct. 622, 60 A. 2d 419 (1948). Felonious intent may be inferred from actions as well as words where the actions bear a reasonable relationship to the commission of a

felony. *Commonwealth v. Ellis,* 349 Pa. 402, 37 A. 2d 504 (1944).

Nor do we find any merit in appellant's second argument. The only statement he made to the police was that he had been in the apartment, which was a repetition of the statement he had previously made to Mrs. Guerino and Miss Elkins. It was a self-serving statement to establish that he was rightfully in the apartment on business with Mr. Guerino. Although appellant was represented at the trial by able counsel, no objection was made to the admission of the statement made to the police officer and the question was not raised in the court below in the post-trial motions.

Regardless of whether the admission made to the police officer was incriminating, made in the absence of counsel or before appellant was warned of his right to counsel or to remain silent, we are of the opinion that any objection to its admission was waived. *Commonwealth ex rel. Czako v. Maroney,* 421 Pa. 462, 219 A. 2d 664 (1966); *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965).

Judgment of sentence is affirmed and appellant-defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of which had not been performed at the time the appeal was made a supersedeas.