Opinion by
 

 Hoffman, J.,
 

 Appellant was convicted by a jury of assault with intent to commit sodomy as defined by the Act of June 24, 1939, P. L. 872, §502, 18 P.S. §4502.
 

 In this appeal appellant contends that the evidence at trial was insufficient to support the conviction. In this regard, the rule is that “the test of the sufficiency of the evidence is whether accepting as true all of the evidence upon which, if believed, the jury could have properly based its verdict, such evidence is sufficient in law to prove beyond a reasonable doubt that the de
 
 *6
 
 fendant is guilty.”
 
 Commonwealth, v. Lawrence,
 
 428 Pa. 188, 236 A. 2d 768 (1968).
 

 The evidence at trial, in light most favorable to the Commonwealth, is that the appellant approached an undercover police officer in a public men’s room. Appellant started a conversation with the officer and then in the language of the trial court “asked him if he wanted a drink of water. That after they both had a drink of water that the Defendant rubbed the penis of (the officer) and said, ‘How does that feel?’, and continuing to rub the private parts of (the officer) the Defendant said, ‘You don’t mind, do you?’, and then he said ‘It won’t take long to get this started.’ ” Appellant was then arrested by the undercover officer.
 

 Sodomy is defined in The Penal Code in relevant part as one having carnal knowledge of another person either by the anus or “by or with the mouth.” The Act of June 24, 1939, P. L. 872, §501, 18 P.S. §4501. Immoral practices which do not encompass this activity, therefore, are not acts of sodomy either within the meaning of 18 P.S. §4501 or the assault with intent to commit sodomy statute, 18 P.S. §4502.
 

 On the basis of the facts as set forth at trial it is impossible to determine whether appellant intended to commit sodomy upon the person of the police officer or instead intended to commit other immoral acts which are not sodomous within the meaning of 18 P.S. §4501.
 

 In such circumstances the jury should not have been allowed to guess and speculate as to the intent of the appellant. In this regard therefore, this case is distinct from
 
 Commonwealth, v. Schaller,
 
 72 Pa. D. & C. 459 (1950), which is relied upon by the Commonwealth. In
 
 Sehaller
 
 a conviction for solicitation to commit sodomy was sustained in part on the basis that the defendant stated words which obviously connoted that he wanted to engage in the distinct act of cunnilingus. This is not the case here.
 

 
 *7
 
 In dealing with the analogous circumstance of whether a defendant has committed an assault or an assault with intent to ravish, our Court in
 
 Commonwealth v. Jaynes,
 
 137 Pa. Superior Ct. 511, 516, 10 A. 2d 90, 92 (1939), and
 
 Commonwealth v. Moss,
 
 173 Pa. Superior Ct. 367, 371, 98 A. 2d 372, 374 (1953), held that the
 
 specific
 
 intent to commit the act must be shown beyond a reasonable doubt and that the trier of fact cannot speculate or conjecture as to the intention of the accused. Instead, the subjective intent must be proved by the objective facts. Thus, where the facts shown at trial are consistent not only with an attempt to commit sodomy but are likewise consistent with another purpose, a specific intent to commit sodomy cannot be inferred.
 

 Accordingly, the instant conviction cannot be sustained.
 

 The judgment of sentence is vacated and appellant is discharged.
 

 Weight, P. 3., would affirm on the opinion of President Judge Geeevy.