Commonwealth *v.* Hooks, Appellant.

Argued November 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

*Mike Hanford*, Assistant Defender, with him *Jonathan Miller*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*James T. Ranney*, Assistant District Attorney, with him *Milton M. Stein*, Assistant District Attorney, *Rich-*

*ard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 16, 1973:

The appellant, Matthew Hooks, after trial before a judge sitting without a jury, was convicted of wilfully and maliciously entering a motor vehicle with intent to commit a felony therein, in violation of Section 903 of the Act of June 24, 1939, P. L. 872, 18 P.S. §4903. A prison sentence of one to five years was imposed. On appeal the Superior Court affirmed the judgment without opinion. Judge HOFFMAN filed a dissenting opinion in which Judge MONTGOMERY joined. See 220 Pa. Superior Ct. 258, 281 A. 2d 759 (1971). We granted allocatur.

Initially, Hooks challenges the sufficiency of the evidence to support the conviction, but the record readily manifests this assignment of error is devoid of merit. From the trial testimony, the trier of facts was warranted in finding that Hooks forcibly opened the locked door of an automobile owned by Walker White while it was parked on a public street in Philadelphia and was "just getting into the vehicle" when a police officer unexpectedly appeared on the scene causing Hooks to change his plans and attempt to flee. The fact that nothing was stolen from the automobile is without legal significance. The crime charged was committed once a wilful and malicious entry occurred.

The next assignment of error contends the record fails to substantiate a knowing and intelligent waiver of the right to a trial by jury. With this we agree.

It is not questioned that Hooks was constitutionally entitled to have his guilt or innocence resolved by a jury. He could waive this right, but in order to be valid and effective, the waiver must be one that was

knowing and intelligent: *Patton v. United States,* 281 U.S. 276, 50 S. Ct. 253 (1930). The intelligence of such a waiver may not be presumed, guessed or conjectured. Cf. *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019 (1938), and *Commonwealth v. Garrett,* 439 Pa. 58, 266 A. 2d 82 (1970). To insure the intelligence of such a waiver, as well as to preclude subsequent attacks on the validity thereof, Rule 1101 of the Pennsylvania Rules of Criminal Procedure wisely requires that "the judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record."

Instantly, the record discloses that Hooks signed a printed waiver of his right to trial by jury after the following colloquy in open court: "By Mr. Erdenberger [Defense Counsel] : "Q. Mr. Hooks, you have a right to a jury trial, are you aware of that? A. Yes, I am. Q. Do you know what a jury trial is? A. Yes. Q. Do you wish to demand a jury to hear your case at this time? A.No, I don't. Q. You can choose to do without a jury and have your case heard by Judge Murphy alone. A. Yes, sir. Q. Do you want to do that? A. Yes, sir. Q. No one has persuaded you to do that? A. No, sir. Q. How old are you? A. Twenty-two. Q. How far did you go in school? A. I completed the ninth grade. Q. Do you have any mental difficulty that you know of? A. No, none that I know of. [BY THE COURT] Q. Mr. Hooks, you realize that you are charged with burglary of a motor vehicle with an intent to commit a felony, and if you are found guilty you may be sentenced to pay a fine up to $5,000.00 and/or be imprisoned up to five years? A. Yes, sir. Q. Have you discussed this matter with your attorney, the matter of the waiver of a jury trial? A. Yes. Q. Are you satisfied with his advice? A. *I don't really understand some of the things. Some of the things are still not clear to me.*

566

[Emphasis supplied.] Q. Are you willing to execute the waiver? A. Yes. [THE COURT:] The Court will accept the waiver."

While that portion of the colloquy between Hooks and his counsel would indicate a knowing and intelligent waiver, this particular colloquy must be read in conjunction with Hooks' answers to the questions propounded by the court. When this is done, the intelligence of the waiver is left in doubt. Hooks expressly stated, "some of the things are still not clear to me" and whether the unclear "things" involved his right to trial by jury or something else is not ascertainable from the record as it stands.

The order of the Superior Court and the judgment of the court of original jurisdiction are reversed, and a new trial is granted.

Mr. Chief Justice JONES dissents.

Mr. Justice POMEROY took no part in the consideration or decision of this case.