Commonwealth *v.* Muniem, Appellant.

Argued March 21, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Marvin Allanoff,* for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *Milton M. Stein* and *James T. Ranney,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., April 12, 1973:

This is an appeal from the judgment of sentence in the Court of Common Pleas, Criminal Division, of Philadelphia County, by the appellant, Ibrahim Abdul Muniem, a/k/a Vincent King; after conviction of burglary by the court below sitting without a jury; and from the denial of post-trial motions. The appellant was placed on probation for three years.

The Commonwealth proved only that the appellant was present within an empty warehouse with the door half open. He was walking out when the police arrived in response to a radio call. He was cooperative, did not run and had nothing in his possession. The incident occurred between 11 a.m. and 12 Noon on February 21, 1972. The owner of the building testified the building had been vacated; that it had been broken into in the past and that there was nothing missing. The appellant was married at the time, aged 33 years, employed and had no prior record.

The appellant contends that the evidence does not support a finding of a "willful and malicious" entry into the building for the purpose of committing a felony. The appellant took the stand and testified that he stopped for a short time outside the warehouse to chat with a friend; that he had a call of nature and spent 5 to 10 minutes looking for a lavatory in the empty building. It is evident that the court below did not believe his explanation.

The crime of burglary in Pennsylvania is defined as follows: "Whoever, at any time, willfully and maliciously, enters any building with intent to commit any felony therein, is guilty of burglary. . ." 1939, June 24, P. L. 872, §901, 18 P.S. §4901.

The case of *Commonwealth v. Procopio*, 200 Pa. Superior Ct. 226, 188 A. 2d 773 (1963), upon which the trial court relied heavily, can easily be distinguished

from this case on its facts. In that case: ". . . the police officer testified that he saw a man run toward the rear of the Moose building (at 3 :15 A.M.). The officer then heard glass breaking and apprehended appellant crawling out through a window. Appellant admitted that he had been in the building. Although it was August, he was wearing gloves. Subsequent investigation disclosed that a window leading to the kitchen had been opened, and that the dial of the safe had been broken. This testimony fully warranted a finding by the jury that appellant had wilfully and maliciously entered the building with intent to commit a felony therein. . ." *Commonwealth v. Procopio,* supra at page 231.

It is the law that "consummation or execution of the intent to steal or to commit some other felony is not necessary to complete the crime." *Commonwealth ex rel. Moszcynski v. Ashe,* 343 Pa. 102, 105, 21 A. 2d 920, 922-923 (1941). However, in *Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966), the court held that despite appellant's presence on the scene immediately prior and subsequent to the commission of the crime, this fact, in the absence of other evidence indicative of appellant's participation in the robbery did not warrant submission of the case to the jury.

In *Garrett,* supra, the court speaking through Mr. Justice ROBERTS, held at page 12: "In order to sustain a conviction, the facts and circumstances proved must be of such a character as to establish guilt beyond a reasonable doubt. E.g., Commonwealth v. Finnie, 415 Pa. 166, 202 A. 2d 85 (1964) ; Commonwealth v. Carroll, 412 Pa. 525, 194 A. 2d 911 (1963) ; Commonwealth v. Kravitz, 400 Pa. 198, 161 A. 2d 861 (1960). And while the Commonwealth is not required to remove all doubt to a mathematical certainty, Commonwealth v. DePetro, 350 Pa. 567, 576, 39 A. 2d 838, 842 (1944), evidence to convict an accused of a crime must be some-

thing more than evidence that merely raises a suspicion of guilt. The inference of guilt must be based on facts and conditions proved; mere conjecture or surmise is not sufficient. Commonwealth v. Bausewine, 354 Pa. 35, 46 A. 2d 491 (1946); Commonwealth v. Cohen, 203 Pa. Superior Ct. 34, 199 A. 2d 139 (1964)." See also, *Commonwealth v. Simpson*, 436 Pa. 459, 464, 260 A. 2d 751 (1970); *Commonwealth v. Bailey*, 448 Pa. 224, 227, 292 A. 2d 345 (1972).

In the instant case, the only evidence produced against the appellant is his presence, perhaps as a trespasser, in a vacant building in daylight at about noontime. When found by the police, he was walking to the open door by which he testified he entered the building. The owner of the building testified that nothing was missing and there was no evidence of a forceable entry, or possession of any burglary tools, other tools or anything else.

Each case must stand on its own facts in determining whether the Commonwealth has sustained its burden of proof. At best, the evidence of the Commonwealth may give rise to suspicion and conjecture of guilt but most certainly does not have such volume and quality capable of reasonably and naturally justifying an inference of a willful and malicious entry into a building with the intent to commit a felony so as to overcome the presumption of innocence and establish guilt beyond a reasonable doubt of the crime of burglary.

Judgment of sentence reversed and the defendant discharged.

WRIGHT, P. J., would affirm on the opinion of the court below.