Commonwealth *v.* Brown, Appellant.

Submitted September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Stuart Schuman, John W. Packel,* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James Garrett, David Richman, Milton M. Stein,* and *James T. Ranney,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 11, 1973:
Judgment of sentence affirmed.

DISSENTING OPINION BY SPAETH, J.:
Appellant was convicted of burglary by a judge sitting without a jury. He contends that the conviction

must be reversed because there was insufficient evidence to show that when he entered the building in question, he intended to commit a felony.

The following facts were adduced at trial: About 1:30 p.m. on the afternoon of December 20, 1971, Mrs. Doris Hall, who was standing in the doorway of her home at 907 West Dauphin Street, Philadelphia, saw appellant going through a first floor front window of 903 West Dauphin Street, a property that Mrs. Hall owned. The house was vacant, and others had tried to enter it before. The window through which appellant entered was covered with cardboard. The window had been broken more than a week earlier and had gone uncovered for about a week. The cardboard had been up for only a short time. Mrs. Hall called the police and two officers responded. They found appellant lying in a prone position on the back porch roof. He offered no resistance. The officers found a pair of pliers and a screwdriver three or four feet away. Some time afterwards, Mrs. Hall found that copper pipes had been torn out in the basement. She had inspected the premises "about a week before" and had found nothing amiss. No pipes were found on or near appellant when he was apprehended.

In addition to burglary, appellant was charged with larceny, receiving stolen goods, and possession of burglary tools. The trial judge granted demurrers as to these. He declined to grant a demurrer on the charge of burglary. Appellant offered no evidence. The judge found him guilty, immediately heard and denied post-trial motions, and imposed sentence.

At the time of appellant's arrest and trial (which were before the effective date of the new Crimes Code, 18 Pa. C.S. §§101 *et seq.*), burglary was defined as the wilful and malicious entry into any building with an intent to commit any felony therein. Act of June 24, 1939, P. L. 872, §901, 18 P.S. §4901; *Commonwealth v.*

*Hellner*, 160 Pa. Superior Ct. 158, 50 A. 2d 512 (1947).*
In charging appellant with burglary, the Commonwealth alleged that when appellant entered the house, he intended to commit the felony of larceny. The question is whether the evidence supports an inference that that was appellant's intent.

Appellant did not enter the house surreptitiously but at 1:30 in the afternoon, apparently in plain view of Mrs. Hall, who was standing in her doorway two doors away. There was evidence that copper pipes in the basement had been tampered with. However, the police responded at once to Mrs. Hall's call (the officer testified that he "responded to a radio call of a burglary in progress"), which at least indicates, if it does not prove, that appellant had no time to tamper with the pipes. In addition, there was a gap between the time when Mrs. Hall's inspection revealed nothing amiss and the time of the incident, and a further gap between the incident and the time the tampering was discovered. The rule is that "whenever the condition of a particular place at a certain time is in question, evidence of its condition at a prior or subsequent time is admissible *if accompanied by proof that it has not changed in the meanwhile.*" *Commonwealth v. DelMarmol*, 206 Pa. Superior Ct. 512, 519, 214 A. 2d 264, 267 (1965), after remand, 215 Pa. Superior Ct. 484, 259 A. 2d 198 (1969). The Commonwealth made no attempt to offer such proof, which was particularly pertinent here, since the house was vacant and others had tried to enter it before, and there was a good possibility that someone other than appellant had tampered with the pipes. The pliers and screwdriver were not offered in

---

* Under the Crimes Code, *supra*, "a person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with an intent to commit *a crime* therein. . . ." 18 Pa. S. §3502. (Emphasis added.)

evidence, nor, in fact, brought to the trial; no specific description of them is of record. In any event, they are not generally tools suitable for removing copper pipes; nor was appellant seen to use either tool when he went through the window covered with cardboard. Apart from the fact that the tools were found near appellant, there is nothing to connect him with them. *See generally, Commonwealth v. Stanley*, 453 Pa. 467, 309 A. 2d 408 (1973); *Commonwealth v. DelMarmol, supra.*

On this record the trial judge was correct in granting the demurrers to the charges of larceny, receiving stolen goods, and possession of burglary tools. He should, however, also have granted the demurrer to the charge of burglary.

The facts in this case are similar to those presented in *Commonwealth v. Muniem*, 225 Pa. Superior Ct. 311, 312, 303 A. 2d 528 (1973), where it was said: "The Commonwealth proved only that the appellant was present within an empty warehouse with the door half open. He was walking out when the police arrived in response to a radio call. He was cooperative, did not run and had nothing in his possession. The incident occurred between 11 a.m. and 12 noon. . . . The owner of the building testified the building had been vacated; that it had been broken into in the past and that there was nothing missing." Moreover, "there was no evidence of forceable entry, or possession of any burglary tools, other tools or anything else." *Id.* at 314, 303 A. 2d at 529. This court reversed the defendant's conviction as not supported by sufficient evidence.

The only feature that distinguishes the present case from *Muniem* is appellant's attempt to conceal himself from the officers by lying prone on the back porch roof. Suspicious action upon being discovered after a trespass has figured in numerous cases where this court has found sufficient evidence of an intent to commit lar-

ceny. However, there were usually other circumstances that were more directly related to the crime of larceny and that narrowed the range of possible explanations for the defendant's entry. *See, e.g., Commonwealth v. Reynolds,* 208 Pa. Superior Ct. 366, 222 A. 2d 474 (1966) (following defendant's entry and flight, jewelry box in occupied apartment discovered to have been moved); *Commonwealth v. Procopio,* 200 Pa. Superior Ct. 226, 188 A. 2d 773 (1963) (defendant wearing gloves in August; dial of safe, in good condition earlier, found lying on floor); *Commonwealth v. Whalen,* 189 Pa. Superior Ct. 351, 150 A. 2d 133 (1959), *cert. denied,* 362 U.S. 944 (1960) (hole cut in roof of commercial building; instrument used in safecracking near spot where co-defendant shot officer); *Commonwealth v. Bova,* 180 Pa. Superior Ct. 359, 119 A. 2d 866 (1956) (defendant caught lying on floor of commercial building containing safe defendant had combination to).

Also similar to this case, and perhaps closest on its facts, is *Commonwealth v. DelMarmol, supra.* There, the defendant "was 'tinkering' at the door, then opened it. He looked in and when surprised [by the owner of the premises], fled down the stairs. Upon being called by the policeman, he fled into a nearby store." *Commonwealth v. DelMarmol,* 215 Pa. Superior Ct. 484, 486, 259 A. 2d 198, 199 (1969) (HOFFMAN, J., concurring and dissenting opinion). This was considered to be sufficient evidence to establish that the defendant entered the premises with an intent to commit a felony. The premises, however, were occupied and a good target for larceny. No reason for entry was as likely as an intent to commit larceny. That is not true here. As appellant argues, "[i]llegal acts such as vandalism, graffiti writing, fornication and the illegal use of alcohol, solvents or narcotics are very frequently committed in vacant buildings," which, it may be added, are also refuges from the elements and places for "street people" to

rest.\* Considering appellant's attempt to hide, the trial judge may have been correct when he remarked that appellant was not in the house for "any lawful purpose."\*\* The fact remains that the evidence does not foreclose the possibility that the intended unlawful behavior was a misdemeanor or summary offense and not a felony. Since the evidence is consistent not only with an intent to commit larceny but also with other purposes, an intent to commit larceny cannot be inferred. *Commonwealth v. Rhome*, 222 Pa. Superior Ct. 4, 292 A. 2d 437 (1972). A finding that appellant intended to commit larceny could only rest on suspicion or conjecture, not on objective facts establishing it beyond a reasonable doubt. *Commonwealth v. Simpson*, 436 Pa. 459, 260 A. 2d 751 (1970).

The judgment of sentence should be reversed and appellant discharged.

HOFFMAN, J., joins in this dissenting opinion.

---

\* It is now a defense to a prosecution for burglary that the building or structure entered was "abandoned." §18 Pa. S. §3502(b).

\*\* Because of the result we reach, there is no need to consider appellant's contention that this statement by the trial judge shows that as trier of fact he had a reasonable doubt about what appellant's intent was, despite the guilty verdict he subsequently rendered. *See Commonwealth v. Oglesby*, 438 Pa. 91, 263 A. 2d 419 (1970).