Commonwealth *v*. Lynch, Appellant.

Submitted December 3, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

Before Mc-
GLYNN, JR., J., without a jury.

*Eli N. Donsky, Francis X. Nolan,* and *Donsky, Katz, Levin & Dashevsky,* for appellant.

*David Richman* and *James T. Ranney,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 3, 1974:

This appeal, from a conviction of burglary, challenges the sufficiency of the evidence adduced in a non-jury trial. The trial court sentenced the appellant to two years probation conditioned upon his continuing in the program at Gaudenzia House. In determining whether the evidence was sufficient to sustain the verdict we must read the entire record and consider the facts, and all *reasonable* inferences arising therefrom, in the light most favorable to the Commonwealth: *Commonwealth v. Blevins,* 453 Pa. 481, 309 A. 2d 421 (1973) ; *Commonwealth v. Allen,* 227 Pa. Superior Ct. 157 (1974).

The facts of the case are as follows: At approximately 9:00 p.m. on September 25, 1972, the appellant and John Loveless forced open the locked inner door of a three-story apartment building in Philadelphia. The owner of the building, Miss Taylor, upon hearing a banging noise in the entry area, went to her door and observed the men ascending the steps to the second

floor. About five minutes later, she saw the two men leave, apparently empty handed. She then examined the entry and saw chips of wood on the floor, presumably the result of the break-in. After the police were called an inventory was taken by the tenants, all of whom were in their apartments when the break-in occurred, but it failed to disclose that anything had been stolen.

The next morning, after most of the tenants had gone to work, Lynch and Loveless returned. Miss Taylor, seeing them coming, released her dog in the hallway and called the police. With the presence of the dog in the hallway, the two men departed.

The police arrived shortly thereafter, and while they were gathering routine information from Miss Taylor, she spotted the appellant and Loveless coming back toward the house, but on the opposite site of the street. The police then arrested the pair who made no attempt to flee as the police approached them. A subsequent search disclosed that Loveless had a screwdriver in his rear pocket.

In his appeal the appellant specifically argues that the evidence was insufficient to allow an inference that he entered the building with the intent of committting a felony therein. We agree.[1]

Since the appellant and Loveless did not attempt to flee when the police approached them, the facts in this case are even less persuasive than those in the recent case of *Commonwealth v. Freeman*, 225 Pa. Superior Ct. 396 (1973), in which this court reversed a similar conviction for burglary. In that case the accused also used force to enter the basement door of an apartment building. As in the instant case, he also left the

---

[1] Since the facts in this case occurred in 1972, the new Crimes Code, 18 Pa. C.S. §101 et seq. (1973), which became effective on June 6, 1973, does not apply.

building without having stolen anything. However, when the police approached him he attempted to flee. This court, speaking through SPAETH, J., found that while the evidence was sufficient to allow the inference of entrance with the intention of committing a *crime*, it was not sufficient to allow the inference that entrance was gained with the intention of committing a felony. The court, therefore, remanded for resentencing on the lesser included offense of unlawful entry.[2] We think that the same result is warranted under the facts of the instant case. While it's unlikely that two apparent strangers would force their way into an apartment building for some innocent purpose, it does not follow that it can be said with substantial assurance that it is more likely than not that their purpose was felonious. See *Turner v. United States,* 396 U.S. 398 (1970); *Leary v. United States,* 395 U.S. 6 (1969); *Commonwealth v. McFarland,* 452 Pa. 435 (1973); *Commonwealth v. Shaffer,* 447 Pa. 91 (1972); *Commonwealth v. Allen,* supra. It would seem to be at least equally likely that they intended to commit a misdemeanor. When one enters a building by force, the factfinder may conclude, beyond a reasonable doubt, that the person[s] used such force with the intention of carrying out some criminal design: *Commonwealth v. Freeman,* supra. We therefore conclude that while the facts of this case are insufficient to prove burglary beyond a reasonable doubt, they are sufficient to prove unlawful entry.

The judgment of sentence should be reversed, the verdict of guilty of burglary vacated, and the case remanded with directions to enter a verdict of guilty of unlawful entry and to impose sentence thereon.

---

[2] 18 Pa. C.S. §4901 (1973): "Whoever under circumstances or in a manner not amounting to a burglary enters a building, or any part thereof, with the intent to commit a crime therein, is guilty of unlawful entry, a misdemeanor. . . ."