Commonwealth *v.* McLaughlin, Appellant.

Argued June 10, 1974. Before WATKINS, P. J., JA-COBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Jerome B. Nulty,* with him *Clemens & Nulty,* for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *J. David Bean,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

This is an appeal from a refusal to grant a new trial or arrest judgment on a conviction of unlawful entry.

On October 25, 1972, the appellant, Thomas J. McLaughlin, Jr., and his wife lived in the Helen Marie Apartments in Lansdale, Montgomery County. Just down the hall lived the complainant, Mrs. Butscher, her husband and their young baby. Taking the evidence in a light most favorable to the Commonwealth, it is revealed that at approximately 1:00 p.m. on that date, Mrs. Butscher, who had gone out of her apartment for a few minutes to get her mail, entered her apartment to find her baby in a playpen where she had left the child during the brief exit. She proceeded to feed her baby, and after twenty minutes, a figure emerged from her bedroom with her husband's bathrobe over his head. The disguised visitor walked silently through the apartment and out her door. Frightened by the incident, Mrs. Butscher called the police, who upon coming on the scene found the bathrobe in the hallway. Police found

fingerprints and traced them to the appellant. Appellant was thereafter arrested and charged with burglary with intent to commit larceny or rape. On June 1, 1973, the appellant was brought to trial before the Honorable Vincent A. CIRILLO, sitting without a jury.

At the conclusion of Commonwealth's case, a demurrer was sustained on the burglary charge. In so doing the Court explained: ". . . [T]here has not been sufficient evidence to show by any scintilla of evidence that a felony was intended in this case." Despite this statement by the Court, the defense was required to proceed with its case, since the Court believed the defendant had not dispelled the evidence indicating unlawful entry.

Appellant took the stand, and sought to explain his presence in the apartment. Mr. McLaughlin testified that he was on his way to the supermarket when he heard a baby crying in great distress. He found the Butscher apartment door ajar, and receiving no response to his calling the mother's name, the appellant entered the apartment. The appellant said that as soon as the baby saw him, she stopped crying. Appellant then proceeded to the bedroom believing the baby's mother was perhaps ill or unconscious. Mr. McLaughlin then said that Mrs. Butscher returned. Embarrassed by his position in the bedroom of his neighbor's apartment, he remained there for about twenty minutes in a state of confusion. Thereupon, he found the bathrobe and left the apartment.

During argument before the Court, defense counsel asked what possible crime could have been intended.[1]

---

[1] Section 901.1 of The Penal Code defines "unlawful entry" as follows: "Whoever under circumstances, or in a manner not amounting to burglary, enters a building, or any part thereof, *with intent to commit a crime therein,* is guilty of unlawful entry." 18 P.S. §4901.1. (Emphasis added.)

The Court responded: "You could guess about a lot of crimes." At the end of defense argument, the Court expressing its own reluctance to convict and its dissatisfaction with evidence presented, asked the district attorney: "If the Commonwealth doesn't want to press it, I wouldn't hesitate to take appropriate action." Commonwealth refused to drop charges, and after presenting argument, the Court found the defendant guilty of unlawful entry. Denying post-trial motions, the Court in its Opinion, reflecting upon the fact that most unlawful entries were made with the intent to steal, stated: "The most likely crime that the defendant had in mind is larceny." The Court went on to cite numerous Pennsylvania cases wherein convictions of *burglary* were sustained because of an actor's presumed intent to steal goods within a building.

We have reviewed the record and find great difficulty in ascertaining the basis for this appellant's conviction. While at one point, the Court sustained a demurrer on the charge of burglary because it refused to "guess" as to what felony was intended when not a "scintilla of evidence" had been presented to show that "a felony was intended in this case . . . .", it reasoned the denial of post-trial motions, by guessing that appellant had the "most likely" intent to commit larceny (a felony under our criminal laws).

There may be a more compelling reason for the Court's action, which requires some discussion. On the matter of credibility, the Court stated at various points in the trial:

"What did he do? He conceals his whereabouts for 20 minutes. Then he hides his identity by putting a bathrobe over his head. Then he goes into his apartment, changes clothes, and when the police ask him about it, he doesn't tell them about it . . . [T]he first time he tells his story that he told here in court is when he talked to you, his attorney, after he was arrested . . . .

"In taking all the evidence in consideration, *the fact that even after the police came he never explained the purpose of his being there,* the innocent purpose he said he was there, *not having told anyone until after his arrest,* and only told the lawyer for his being there, I am going to resolve the question of credibility in favor of the Commonwealth, and find the defendant guilty of unlawful entry." (Emphasis added).

We believe that appellant's motion for an arrest of judgment should have been granted. The facts of this case are such that the intent to commit any crime, let alone "larceny", has not been proven. The mere trespass of the defendant into his neighbor's apartment is not a crime, but only a tort. See, *Commonwealth v. Burford,* 38 Pa. Superior Ct. 201 (1909). We have often reversed convictions of burglary, where the only evidence was the presence of a defendant in a building, whose own explanation lacked criminal intent, and where no contrary evidence was produced to show that entry was made with the intent to commit any crime within. *Commonwealth v. Freeman,* 225 Pa. Superior Ct. 396, 313 A. 2d 770 (1973); *Commonwealth v. Muniem,* 225 Pa. Superior Ct. 311, 303 A. 2d 528 (1973); see also, *Commonwealth v. Stanley,* 453 Pa. 467, 309 A. 2d 408 (1973). As this Court stated in *Muniem,* supra at 313-314 (Opinion by WATKINS, J.):

"In Garrett,[2] supra, the court speaking through Mr. Justice ROBERTS held at page 12: 'In order to sustain a conviction, the facts and circumstances proved must be of such a character as to establish guilt beyond a reasonable doubt . . . . And while the Commonwealth is not required to remove all doubt to a mathematical certainty, . . . evidence to convict an accused of a crime must be something more than evidence that merely raises a suspicion of guilt. The inference of guilt

---

[2] *Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966).

must be based on facts and conditions proved; mere conjecture or surmise is not sufficient . . . .' (Citations omitted)

"In the instant case, the only evidence produced against the appellant is his presence, perhaps as a trespasser, in a vacant building in daylight at about noontime. When found by the police, he was walking to the open door by which he testified he entered the building. The owner of the building testified that nothing was missing and there was no evidence of a forceable entry, or possession of any burglary tools, other tools or anything else."

We do not believe that the instant case poses any stronger case for conviction than *Muniem*. In addition, we must determine that the resolution of the credibility issue in favor of the Commonwealth because of appellant's silence at the time of his arrest was erroneous. An accused is guaranteed the right to remain silent by the Fifth Amendment to the United States Constitution. Our Supreme Court has held that it is reversible error for anyone to infer guilt from or to comment adversely upon the accused's choice to remain silent and to say nothing. *Commonwealth v. Stafford*, 450 Pa. 252, 299 A. 2d 590 (1973).

Judgment of sentence is reversed, conviction is vacated, and appellant is ordered discharged.

JACOBS, J., dissents.