372 A.2d 873

**COMMONWEALTH of Pennsylvania**

**v.**

**Bruce JACOBS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1976.

Decided April 19, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Deborah E. Glass and Steven H. Goldblatt, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

Appellant Bruce Jacobs was arrested on August 14, 1975, and charged with burglary, attempted theft by unlawful taking and possession of an instrument of crime. These charges grew out of an incident on the same day in which the appellant was arrested by a Philadelphia Housing Police Officer who was conducting a stakeout of Apartment A–6 in the Norris Apartments. The apartment was recently vacated and contained only a refrigerator, stove, and sink. Around 10:40 p. m., the police officer heard the noise of metal on metal coming from the lock on the outside part of the door. After a few minutes the door opened and appellant walked in with a screwdriver in his pocket. Appellant was immediately arrested by the officer who emerged from the closet with his gun drawn. At trial and after the Commonwealth rested its case, the lower court sustained the appellant's demurrer to the charge of attempted theft by unlawful taking on the ground that there was no overt act on the part of the appellant. The Commonwealth has not appealed from that ruling. The appellant was found guilty on indictment number 244 charging the crime of burglary [1] and indictment number 245 charging possession of an instru-

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 3502 (1973).

ment of crime.[2] Following post-trial motions the appellant was sentenced to four to ten years imprisonment on the burglary charge and two to five years imprisonment on the possession charge, sentences to run concurrently. This appeal followed.

Appellant raises several allegations of error on this appeal.[3] He first contends that the evidence was insufficient to prove the crime of burglary. Appellant's indictment charged him with entry without permission into an apartment with the intent to commit the *crime of theft* therein. It is axiomatic that in criminal trials the proof offered by the Commonwealth must measure up to the charge made in the indictment. *Commonwealth v. Lambert,* 226 Pa.Super. 41, 313 A.2d 300 (1973), *citing Commonwealth v. Aurick,* 342 Pa. 282, 291, 19 A.2d 920, 924 (1941); *see, Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *Commonwealth v. Simione,* 447 Pa. 473, 291 A.2d 764 (1972) (bill of particulars). Therefore, appellant could insist that the Commonwealth prove he entered the apartment with the intent to commit a theft. *See Commonwealth v. Bruce,* 230 Pa.Super. 507, 326 A.2d 628 (1974); *Commonwealth v. Freeman,* 225 Pa.Super. 396, 313 A.2d 770 (1973). In determining whether the evidence was sufficient to sustain the verdict of guilty on the burglary charge we must read the entire record and consider the facts, and all reasonable inferences arising therefrom, in the light most favorable to the Commonwealth. *Commonwealth v. Blevins,* 453 Pa. 481, 309 A.2d 421 (1973); *Commonwealth v. Allen,* 227 Pa.Super. 157, 324 A.2d 437 (1974); *Commonwealth v. Lynch,* 227 Pa.Super. 316, 323 A.2d 808 (1974). It is equally true that the Commonwealth does not have to establish guilt to a mathematical certainty and may in a proper case rely wholly on

2.  The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 907 (1973).

3.  Appellant also contends that the dismissal by the lower court of the attempted theft charges precluded his conviction for burglary. Since we hold that the evidence in this case was insufficient to sustain appellant's conviction of burglary it will not be necessary for us to decide that point.

circumstantial evidence. *Commonwealth v. Roscioli,* 454 Pa.
59, 309 A.2d 396 (1973). *Commonwealth v. Larkins,* 235
Pa.Super. 19, 341 A.2d 204 (1975). Nevertheless, when the
evidence is viewed in this light it is clear that the Common-
wealth did not advance sufficient evidence in order to sus-
tain the burglary conviction.

Burglary is defined by the Act of December 6,
1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3502 (1973):

"(a) A person is guilty of burglary if he enters a build-
ing or occupied structure, or separately secured or occu-
pied portion thereof, *with intent to commit a crime there-
in* . . . ." (Emphasis added.)

The specific intent required to make out the charge of
burglary may be found in the defendant's words or conduct
or from the attendant circumstances together with all rea-
sonable inferences therefrom. *Commonwealth v. Freeman,*
supra. However, when actions are relied on they must bear
a reasonable relationship to the commission of the crime, i. e.
be sufficiently proximate to the alleged intended crime to
constitute one of the natural series of acts required for its
commission. *Commonwealth v. Freeman,* supra; *Common-
wealth v. Ellis,* 349 Pa. 402, 37 A.2d 504 (1944); *Common-
wealth v. Reynolds,* 208 Pa.Super. 366, 222 A.2d 474 (1966).
In the case at bar the only fact from which an intent to steal
could possibly be inferred is appellant's unlawful entry into
the apartment. On this point, we have expressly held that
evidence of intentional entry into an occupied building is *by
itself* insufficient to support an inference of an intent to
steal. *Commonwealth v. Freeman,* supra 225 Pa.Super. at
399, 313 A.2d at 772. The Commonwealth did not produce
any additional evidence that the appellant had, at the time he
entered the apartment, the intent to commit a theft. The con-
clusion is thus inescapable that absent such evidence on which
an inference to steal could reasonably be based, the Common-
wealth has simply failed to meet its burden of proof. *Com-
monwealth v. Larkins,* supra, in that it failed to prove that
the appellant entered the apartment with the intent to
commit a theft as set forth in the indictment. The judg-

ment of sentence on indictment number 244 charging burglary must, therefore, be reversed and the verdict of guilty vacated.

█ However, while the evidence is insufficient to support a finding of guilt on the burglary charge, it was sufficient to support a verdict of guilty for criminal trespass. In *Commonwealth v. Carter*, 236 Pa.Super. 376, 344 A.2d 899 (1975), we held that the crime of burglary, for which the appellant was indicted and tried, includes the lesser offense of criminal trespass.[4] It is therefore on the strength of *Carter* that judgment of sentence on indictment number 244 charging the appellant with burglary is reversed, the verdict of guilty vacated and the case remanded with directions to enter a verdict of guilty of criminal trespass and impose sentence thereon. *See Commonwealth v. Lynch*, 227 Pa.Super. 316, 323 A.2d 808 (1974); *Commonwealth v. Freeman*, 225 Pa.Super. 396, 313 A.2d 770 (1973).

█ Appellant's final argument is that a mistrial should have been granted when counsel for the Commonwealth argued to the jury that the testimony of certain Commonwealth witnesses who were not called at trial either by the Commonwealth or defense would have been unfavorable to the defense. The lower court sustained defense counsel's objection and cautioned the jury in the following manner:

"Yes. Ladies and gentlemen of the jury, as I instructed you before and as I will instruct you again, the defendant is not required to present any evidence. You may not draw any inference not favorable to the defendant because the defendant has not presented any witnesses or any other manner."

It is hornbook law that a person charged with a crime is under no duty to take the stand or produce evidence of his innocence but may stand mute protected by the presumption of innocence and demand that the Commonwealth sustain its burden of proving his guilt beyond a reasonable doubt.

4. In that case Judges Hoffman, Spaeth and the writer of this opinion dissented.

*Commonwealth v. Miller*, 205 Pa.Super. 297, 208 A.2d 867 (1965). However, unlike the situation in *Commonwealth v. Miller*, supra, wherein we held that it was reversible error for the lower court to instruct the jury that it could draw an inference of guilt from the defendant's failure to call witnesses, the lower court in this case immediately gave a cautionary instruction to the jury that the defendant had no obligation to produce any evidence or witnesses. This cautionary instruction, and the subsequent correct charge of the lower court that the appellant need not produce any witnesses and that no adverse inference could be drawn from the failure of the appellant to do so, completely cured the improper remark.

Judgment of sentence on indictment number 244 charging burglary is reversed, the verdict of guilty is vacated and the case remanded with directions to enter a verdict of guilty of criminal trespass and impose sentence thereon. Nothing having been raised on this appeal to challenge the judgment of sentence on indictment number 245 charging possession of an instrument of crime, the judgment of sentence on that count is accordingly affirmed.[5]

HOFFMAN, J., files a concurring and dissenting opinion in which SPAETH, J., joins.

PRICE, J., files a dissenting opinion in which VAN der VOORT, J., joins.

HOFFMAN, Judge, concurring and dissenting:

I agree with the plurality opinion by Judge JACOBS that the Commonwealth failed to prove the requisite criminal intent necessary to prove burglary in the instant case. See *Commonwealth v. Lynch*, 227 Pa.Super. 316, 323 A.2d 808

---

**5.** The disposition of this case is supported by a majority of the court as follows: WATKINS, President Judge, and CERCONE, J., join in this opinion; HOFFMAN, J., is joined by SPAETH, J., in a concurring and dissenting opinion which supports reversal of the conviction of burglary but would not remand for sentencing on criminal trespass; PRICE, J., is joined by VAN der VOORT, J., in a dissenting opinion which, while agreeing that criminal trespass is a lesser included offense of burglary, would not reverse the burglary conviction.

(1974); *Commonwealth v. Freeman*, 225 Pa.Super. 396, 313 A.2d 770 (1973).

In both *Freeman* and *Lynch*, the Court remanded for resentencing on the charge of unlawful entry, a lesser included offense to the charge of burglary under the Penal Code, Act of June 24, 1939, P.L. 872, § 901; 18 P.S. § 4901. However, in my view, the crime of criminal trespass as defined by the Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 3503, is not included within the offense of burglary, 18 Pa.C.S. § 3502. *Commonwealth v. Carter*, 236 Pa.Super. 376, 341 A.2d 899 (1975), allocatur granted, 236 Pa.Super. *xli* (dissenting opinion by HOFFMAN, J. in which JACOBS and SPAETH, JJ. joined). Appellant was not charged with criminal trespass and could not have been convicted thereof. Therefore, I would reverse and order appellant discharged.

SPAETH, J., joins in this opinion.

PRICE, Judge, dissenting:

Appellant was convicted of burglary and possession of an instrument of crime. The burglary indictment charged the unauthorized entry into an apartment with the intent to commit the crime of theft.[1] I agree that *Commonwealth v. Carter*, 236 Pa.Super. 376, 344 A.2d 899 (1975) was decided correctly and that the evidence in this case was sufficient to support a conviction for criminal trespass. I would agree with the majority's decision to remand for sentencing except for my belief that the evidence was sufficient for the jury to infer that appellant entered the apartment with the intent to commit a theft. For this reason, I would affirm the judgment of sentence on the charge of burglary and must dissent from the majority's decision to remand.

1. It should be pointed out that the Commonwealth could have avoided the immediate problem in this case if the indictment had not specified what crime appellant intended to commit upon gaining entrance. While other jurisdictions may require that the indictment specify the intended crime, Pennsylvania, by statute, requires only that the indictment charge "the crime substantially in the language of the act of assembly prohibiting the crime and prescribing the punishment." Act of March 31, 1860, P.L. 427, § 11 (19 P.S. § 261).

The majority relies primarily on this court's opinion in *Commonwealth v. Freeman*, 225 Pa.Super. 396, 313 A.2d 770 (1973). In that case two police officers observed the defendant acting in a suspicious manner. They set up surveillance and, after following him for some distance, observed him enter the basement of an apartment building. Because of their position, the officers were unable to discern the method by which entry was achieved. A few minutes later, the defendant left the building. The officers approached and arrested him after he attempted to flee. Although the basement door appeared to have been jimmied, the officers found no burglary tools. At the time of his arrest, appellant did not have any stolen goods in his possession despite the fact that there were items in the basement which could have been carried away. On these facts, the court concluded that the defendant's actions did not bear such a reasonable relationship to the crime of theft to permit the jury to infer that the defendant entertained a larcenous intent at the time of entry.

The result in *Freeman* is consistent with other cases in which burglary convictions have been reversed when the only evidence was the mere "presence of the defendant in a building, whose own explanation lacked criminal intent, and where no contrary evidence was produced to show that entry was made with the intent to commit any crime within." *Commonwealth v. McLaughlin*, 230 Pa.Super. 420, 424, 326 A.2d 474, 476 (1974). In most of these *Freeman*-type cases, the defendant had left or was leaving a building under circumstances which did not indicate flight or fear of apprehension, and there was no evidence of a breaking or the commission of any crime while inside. *See e. g., Commonwealth v. Larkins*, 235 Pa.Super. 19, 341 A.2d 204 (1975); *Commonwealth v. McLaughlin, supra.* In the instant case, appellant was apprehended immediately upon breaking into the apartment. I would not extend *Freeman* to this situation.

The offense of burglary consists of the entry of a building with the *intent* to commit a crime therein. 19 Pa.C.S.

§ 3502. "The specific intent required to make out a burglary charge may be found in appellant's words or conduct or from the attendant circumstances together with all reasonable inferences therefrom. *Commonwealth v. Atkins*, 232 Pa.Super. 206, 212, 335 A.2d 375, 377–8 (1975). If the law required definite and substantive proof of intent, it is generally agreed that it would be almost impossible to convict without facts disclosing a culmination of the intent. 13 Am.Jur.2d *Burglary* § 52 (1964).

The majority notes that because the evidence was insufficient to sustain appellant's conviction of burglary it is not necessary to decide appellant's remaining contention that the dismissal of the attempted theft charge precluded his conviction for burglary. (Majority Opn. 247 Pa.Super. at 377, 372 A.2d at 875, n. 3). It is clear, however, that the test employed by the majority required the prosecution to prove an attempted larceny. The difference between attempt and intent was reiterated in *Commonwealth v. Willard*, 179 Pa.Super. 368, 116 A.2d 751 (1955).

"[Attempt is defined as] ' . . . an overt act done in pursuance of an intent to do a specific thing, tending to the end, but falling short of complete accomplishment of it. In the law, the definition must have this further qualification,—*that the overt act must be sufficiently proximate to the intended crime to form one of the natural series of acts which the intent requires for its full execution*. (emphasis added) *So long as acts are confined to preparation only, and can be abandoned before any transgression of the law or other's rights, they are within the sphere of intent and do not amount to attempts*." (emphasis in original) *Id.* 179 Pa.Super. at 371–2, 116 A.2d at 753 *quoting Commonwealth v. Eagen*, 190 Pa. 10, 21, 42 A. 374, 377 (1899).

The first italicized portion of this quotation sets forth substantially the same test as the majority applies to the requirement of intent. (See Majority Opn. 247 Pa.Super. at 378–379, 372 A.2d at 875–876). This same language has been quoted in several opinions reversing burglary convic-

tions. *See e. g., Commonwealth v. Ellis,* 349 Pa. 402, 37 A.2d 504, *reversing* 154 Pa.Super. 227, 35 A.2d 553 (1944); *Commonwealth v. Freeman, supra.* In cases similar to *Freeman* and *McLaughlin, supra,* it is entirely proper to hold that absent proof of an attempt or near attempt a guilty verdict would be based on mere conjecture or surmise. I would not apply such a rule to the instant case in which appellant's intent was thwarted by efficient police action. Using the majority's language, I would hold that appellant's actions did bear a reasonable relationship to the commission of the crime and did constitute one of the natural series of acts required for its commission. The acts were as proximate to the alleged intended crime as they could have been under the circumstances.

The majority cites *Commonwealth v. Freeman, supra,* as holding that "evidence of intentional entry into an occupied building is *by itself* insufficient to support an inference of an intent to steal." (Majority Opn. 247 Pa.Super. at 378–379, 372 A.2d at 875–876). First, the evidence in the instant case reveals substantially more than the mere intentional entry of a trespassory nature which the court hypothesized in *Freeman.* Appellant obviously broke the lock and entered possessing burglary tools. *Compare Commonwealth v. McLaughlin, supra; Commonwealth v. Muniem,* 225 Pa.Super. 311, 303 A.2d 528 (1973); *Commonwealth v. Ellis, supra; with Commonwealth v. Hooks,* 450 Pa. 562, 301 A.2d 827 (1973). Similar facts have been held sufficient to permit a jury to infer that a defendant entered a building with the intent to commit a crime therein. *E. g., Commonwealth v. Lynch,* 227 Pa.Super. 316, 323 A.2d 808 (1974); *Commonwealth v. Freeman, supra.* Moreover, the majority's statement enunciates a rule much broader than the facts of the case required. As *dicta,* the statement should not be read out of the context of the case. Our courts have previously pointed out that the fact that nothing was stolen does not preclude a finding of intent to commit larceny. Such a fact is not legally significant where, as in the instant case, the defendant is apprehended before the intent could have been consummated. *See Commonwealth v. Hooks, supra; Commonwealth v. Muniem, supra.*

In *Commonwealth v. Del Marmol*, 206 Pa.Super. 512, 214 A.2d 264 (1965), this court held, on similar facts, that a jury could reasonably infer an intent to commit larceny when a defendant was caught in the act of breaking into an apartment. Judge Jacobs, writing for the majority, noted that "[t]he fact that the jury chose . . . to infer an intent to commit larceny from the appellant's unusual and surreptitious activities does not mean that its decision was based on conjecture and surmise . . . ." *Id.* 206 Pa.Super. at 517, 214 A.2d at 266. This appears to be in accordance with the view of a majority of jurisdictions which have decided that an unexplained breaking and entering into a building is in itself sufficient to sustain a conviction for burglary with the intent to commit larceny rather than some other crime. "The fundamental theory, in the absence of evidence of other intent or explanation for breaking and entering, is that the usual object or purpose . . . is theft." 13 Am.Jur.2d § 52, p. 353 n. 18 (1964).

In his dissenting opinion in *Commonwealth v. Brown*, 226 Pa.Super. 172, 313 A.2d 290 (1973) (affirmed per curiam), Judge Spaeth unsuccessfully attempted to distinguish *Del Marmol* by the fact that the apartment in the latter case was occupied and, therefore, a "good target for larceny." It has long been the law that one can be guilty of entering a structure with the intent to commit larceny of certain specific items even though the structure is vacant or only contains other items. *See e. g., Commonwealth v. Stefanczyk*, 77 Pa.Super. 27 (1921). In addition, the apartment involved in this case was not empty. It had recently been refurbished and contained, at least, a refrigerator, a stove and light fixtures.

My decision is not affected by the fact that the arresting officer was on the scene to guard against vandalism. In my opinion, the reason for the officer's presence is irrelevant to the issue of intent. In any event, the record indicates that on several occasions fixtures such as stoves had been stolen from vacant apartments. The officer had been assigned to guard the apartment against this type of theft as well as vandalism.

Although a guilty verdict cannot be based on suspicion or conjecture, the Commonwealth is not required to establish guilt to a mathematical certainty. *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Muniem, supra*. Since I believe that the evidence was sufficient for the jury to find beyond a reasonable doubt that appellant entertained the intent to commit larceny at the time he entered, the fact that he might have had the additional intent to damage the property would not necessitate an acquittal. In my opinion, *Commonwealth v. Del Marmol, supra*, controls the instant case.

As previously noted, although I agree that the evidence was sufficient to convict appellant of criminal trespass, I would affirm the judgment of sentence on the basis of this dissent.

VAN der VOORT, J., joins this opinion.