**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**David BROWN, Appellant.**

Superior Court of Pennsylvania.

Argued April 26, 2005.

Filed Oct. 24, 2005.

Jennifer Horvath, Marissa B. Bluestine, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty. and Anne Palmer, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: LALLY–GREEN, PANELLA, JJ., and McEWEN, P.J.E.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, David Brown, appeals from the judgment of sentence entered on April 15, 2004. We reverse.

¶ 2 The trial court stated the factual and procedural history as follows:

On June 21, 2003, the defendant, David Brown, was arrested and charged with Attempted Burglary, Attempted Theft by Unlawful Taking and Criminal Trespass. On February 2, 2004, the defendant waived his right to a jury trial and this court heard his trial. The defendant was found guilty of Attempted Burglary and was sentenced on April 15, 2004 to 40 to 80 months incarceration, followed by three years reporting probation.

On April 28, 2004, the defendant filed this appeal and on May 13, 2004, the defendant filed a Preliminary Statement of Matters Complained of on Appeal.

Trial Court Opinion, 11/30/04, at 1 (citation omitted).

¶ 3 Further facts reflect that, in its Information, the Commonwealth charged Appellant with Attempted Burglary. The Information specifically states that the Commonwealth charged that Appellant "attempted to enter a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, the premises not being open to the public at the time and the actor not being licensed or privileged to enter." The Information then stated the specific intended crime was "theft."

¶ 4 The trial court acquitted Appellant of the attempted theft charge. N.T., 2/2/2004, at 43. The trial judge found insufficient evidence that Appellant intended to commit a "theft" inside the residence(s). *Id.* The trial court, thus, found insufficient evidence that Appellant had the intent to steal.

¶ 5 As reflected above, the trial court found Appellant guilty of one count of attempted burglary. The court reasoned that there was sufficient evidence that Appellant attempted to enter a home with the intent to commit **some** crime therein, even if the **particular** crime was unclear. N.T., 2/2/2004, at 44–45. On April 15, 2004, the

court sentenced Appellant on the attempted burglary charge. This appeal followed.[1]

¶ 6 Appellant raises the following issues on appeal:

1) Was not the evidence insufficient as a matter of law to convict appellant of attempted burglary after the trial court found appellant did not have the specific intent to commit a theft, the specifically charged predicate crime of the burglary?

2) Was not the evidence insufficient to support the verdict of guilty of attempted burglary where appellant was convicted of attempted burglary at 2912 Ogden Street while all of the evidence presented concerned an apparent attempt to enter a different house?

Appellant's Brief at 3.

■ ¶ 7 The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, sufficient evidence exists to enable the fact finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Vetrini,* 734 A.2d 404, 406–407 (Pa.Super.1999). Additionally, it is not our role to weigh the evidence or to substitute our judgment for that of the fact finder. *Id.* When the court is sitting as the finder of fact, it is presumed that inadmissible evidence is disregarded and that only relevant and competent evidence is considered. *Commonwealth v. Gonzales,* 415 Pa.Super. 564, 609 A.2d 1368, 1371 (1992).

■ ¶ 8 Appellant first claims that the evidence was insufficient to sustain his conviction of attempted burglary. The Crimes Code defines burglary in pertinent part as follows:

**§ 3502. Burglary**

**(a) Offense defined.**—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S.A. § 3502. A person commits an attempt when he does any act which constitutes a substantial step toward the commission of that crime with the intent to commit the specific crime. 18 Pa.C.S.A. § 901(a).

¶ 9 Appellant challenges that the evidence was insufficient only with respect to the intent element of burglary. Appellant reasons that since the trial court found him not guilty of attempted theft, the trial court concluded that Appellant did not have the requisite intent to steal. Thus, Appellant argues, if the intent element was missing for attempted theft, it was also missing for attempted burglary. Therefore, the evidence was insufficient to support the attempted burglary conviction.

¶ 10 Appellant has a refined argument. He does not argue that he cannot be found guilty of attempted burglary if he is acquitted of attempted theft. Rather, Appellant argues that if the Commonwealth charged him in the information with attempted burglary, and further specified what crime he intended to commit inside the residence, here "theft," then the Commonwealth must prove beyond a reasonable doubt that Appellant intended to commit that specific crime, or the burglary charge must fail.

¶ 11 Appellant cites *Commonwealth v. Jacobs,* 247 Pa.Super. 373, 372 A.2d 873

---

**1.** On November 10, 2004, Appellant filed a Supplemental Statement of Matters Com-

plained of on Appeal. The trial court filed an opinion on November 30, 2004.

(1977), in support of his position. In *Jacobs,* a police officer was stationed inside a vacant apartment during a stake-out of those premises. The defendant entered the locked apartment late one evening, carrying a screwdriver. He was immediately arrested by the officer and was charged with entry without permission with the intent to commit the crime of theft. Following his conviction of burglary, this Court reversed the burglary conviction because the Commonwealth· had failed to prove defendant's intent to commit a theft at the time of entry and that his mere entrance into an occupied premise was not sufficient. *Id.,* 372 A.2d at 876. The *Jacobs* Court specifically stated:

> Appellant's indictment charged him with entry without permission into an apartment with the intent to commit the **crime of theft** therein. It is axiomatic that in criminal trials the proof offered up by the Commonwealth must measure up to the charge made in the indictment. Therefore, Appellant could insist that the Commonwealth prove he·entered the apartment with the intent to commit a theft.

*Id.,* 372 A.2d at 875 (emphasis in original).

¶ 12 In a subsequent case the same year, *Jacobs* was distinguished in an *en banc* decision, *Commonwealth v. Morgan,* 265 Pa.Super. 225, 401 A.2d 1182 (1979) (*en banc* ). In *Morgan,* we stated:

> Appellant's best case is probably *Commonwealth v. Jacobs,* 247 Pa.Super. 373, 372 A.2d 873 (1977), where the facts were as follows. The police were conducting a stakeout in a recently vacated apartment, which contained only a refrigerator, stove, and sink. The arresting officer, hiding inside a closet of the apartment, heard metal scraping metal, outside the apartment door. A few minutes later, the defendant entered with a screwdriver in his pocket, and was arrested. This court reversed on the ground that the evidence was insufficient to prove intent to commit theft. *Jacobs,* however, cannot be extended beyond its facts. The apartment there had been recently vacated by its tenant, and this presented the Commonwealth with an insoluble dilemma. On the one hand, if the Commonwealth argued that the defendant had no knowledge that the apartment was vacant, but thought it occupied, it would be hard pressed to explain the defendant's lack of caution in effecting entry. The defendant was unarmed, and it was 10:40 P.M., when he might reasonably expect the tenants to be awake and at home, and yet he made no attempt to see if the apartment was occupied. On the other hand, if in order to explain the defendant's lack of caution the Commonwealth argued that the defendant knew the apartment had been vacated, it would be hard pressed to explain what the defendant intended to steal, inasmuch as there was nothing in the apartment that a single individual, without special tools, could have stolen. *See Commonwealth v. Madison, supra* [, 263 Pa.Super. 206, 397 A.2d 818 (1979) ]. Here, the evidence involved no such dilemma. The evidence did not show that appellant entered incautiously, but instead that before attempting entry he took pains to ensure that no one was at home. In addition, there was evidence supporting the inference that appellant believed the house contained items of value that he could steal.

*Id.* We observe also that, although the *Morgan* Court distinguished *Jacobs* on its facts, the *Morgan* Court echoed the legal conclusion of the *Jacobs* Court:

> [T]he Bill of Indictment in this case charges Appellant with attempted burglary with intent to commit theft. Accordingly, the Commonwealth was

required to prove that Appellant attempted entry with the intent to commit theft.

*Id.,* 401 A.2d at 1186.

¶ 13 Here, as in both *Jacobs* and *Morgan,* the Commonwealth specifically charged, in its Indictment or Information, the defendant with intent to commit theft inside a residence. The trial court found insufficient evidence that Appellant intended to commit a "theft" inside the residence(s), stating:

> That's why I didn't find him guilty of attempted theft because if I felt that he was going in there ... to steal, I would have found him guilty of the attempted theft.

N.T., 2/2/2004, at 43. The trial court, thus, found insufficient evidence that Appellant had the specific intent to steal. We will not disturb this determination as it is not our role to weigh the evidence or to substitute our judgment. *Vetrini.* Because the Commonwealth had the burden of proving specific intent to commit theft, and because the trial court found insufficient evidence that Appellant intended to commit a "theft," Appellant cannot be convicted of attempted burglary. *Jacobs.* We are constrained to conclude that Appellant's claim has merit.[2]

 ¶ 14 We do note that the Commonwealth is not required to specify what crime a defendant, who is charged with burglary (or attempted burglary), was intending to commit. *Commonwealth v. Von Aczel,* 295 Pa.Super. 242, 441 A.2d 750 (1981). Further, the Commonwealth need not prove the underlying crime to sustain a burglary conviction. *Commonwealth v. Lease,* 703 A.2d 506 (Pa.Super.1997) (burglary conviction affirmed where defendant was acquitted of the underlying crimes of theft and receiving stolen property be-

cause the factfinder could have determined that the defendant entered the residence with the intent to steal but did not consummate the theft after entry.) *See also, Commonwealth v. Alston,* 539 Pa. 202, 651 A.2d 1092, 1095 (1994) (Commonwealth is not required to allege or prove what particular crime the defendant intended to commit after entry into a residence.)

¶ 15 When the Commonwealth does specify, in the information or indictment, the crime defendant intended to commit, the Commonwealth must prove the requisite intent for that particular crime in order to prove a burglary or attempted burglary. *Von Aczel; Jacobs; Morgan.* In a footnote in his dissent in *Jacobs,* Judge Price noted that the Commonwealth could have avoided the problem simply by declining to specify what crime the defendant intended to commit in the house. *Id.* at 877 n. 1. We are constrained to agree. *See also, Commonwealth v. Magliocco,* 806 A.2d 1280 (Pa.Super.2002) (where Ethnic Intimidation statute makes clear that conviction of the underlying offense is an essential element of grading the substantive offense, if the defendant has been acquitted of the underlying or "other" offense, the crime of Ethnic Intimidation logically can not be graded and his conviction must be reversed), *affirmed,* —— Pa. ——, 883 A.2d 479, 491 n. 10 (2005).

¶ 16 Judgment of sentence reversed. Jurisdiction relinquished.

---

2. Because of the nature of our disposition, we do not address Appellant's second issue.