J-A31032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DAVID ALLEN  PEARL | |
| Appellant | No. 3226 EDA 2013 |

Appeal from the Judgment of Sentence November 6, 2013
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0012111-2011

BEFORE: BENDER, P.J.E., MOULTON , J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY FITZGERALD, J.:           **FILED DECEMBER 08, 2016**

Appellant, David Allen Pearl, appeals from the judgment of sentence imposed in the Philadelphia County Court of Common Pleas following a bench trial at which the trial court found him guilty of ethnic intimidation,[1] but acquitted him of harassment.[2]  Appellant claims that the conviction for ethnic intimidation must be vacated based on ***Commonwealth v. Magliocco***, 883 A.2d 479 (Pa. 2005).  The Commonwealth agrees relief is due.  We vacate the judgment of sentence and discharge Appellant.

The factual and procedural history of this case is known to the parties, and we need only reiterate that the trial court found Appellant guilty of ethnic intimidation, but acquitted him of harassment.  ***See*** N.T., Trial,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2710(a).

[2] 18 Pa.C.S. § 2706(a)(1).

11/6/13,[3] at 18-19. The court immediately sentenced Appellant to one year of probation. Appellant timely filed a notice of appeal on November 12, 2013. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement asserting that "[t]he evidence was insufficient to convict [him] of ethnic intimidation."[4] Amended Statement of Error Complained of on Appeal, 5/28/14, at ¶ 4.

The sole issue raised on appeal is whether Appellant's conviction for ethnic intimidation must be vacated because he was acquitted of harassment. **See** Appellant's Brief at 9. Following our review, we agree with the parties that **Magliocco** compels this Court to vacate Appellant's conviction for ethnic intimidation.[5] **See Magliocco**, 883 A.2d at 492-93

---

[3] Although the cover sheet of the trial transcript indicates a date of November 26, 2013, the docket confirms that the verdict was entered on November 6, 2013, and we use the latter date for the purpose of citation.

[4] Appellant's phrasing of the error complained of on appeal is arguably too vague to preserve Appellant's issue. Appellant did not cite **Magliocco** or refer to the acquittal on the charge of harassment. Moreover, the trial court did not discern the specific challenge raised in this appeal. However, we decline to find waiver. **Cf. Commonwealth v. Laboy**, 936 A.2d 1058, 1059 (Pa. 2007) (concluding that this Court "should have afforded the requested sufficiency review" in a "relatively straightforward . . . case"). **But see** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Williams**, 959 A.2d 1252 (Pa. 2008).

[5] Our standard of review is well settled. "The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, sufficient evidence exists to enable the fact finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Brown**, 886 A.2d 256, 258 (Pa. Super. 2005) (citations omitted). The crime of ethnic intimidation is defined

(holding that (1) ethnic intimidation requires proof of the commission of a predicate offense and (2) conviction for ethnic intimidation cannot stand where the finder of fact "specifically found that [the defendant] did not commit" a predicate offense). Accordingly, we vacate Appellant's conviction for ethnic intimidation and discharge Appellant.

Judgment of sentence vacated. Appellant discharged.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2016

---

as follows: "A person commits the offense of ethnic intimidation if, with malicious intention toward the race, color, religion or national origin of another individual or group of individuals, **he commits an offense under any other provision of this article** . . . ." 18 Pa.C.S. § 2710(a) (emphasis added). Harassment is an offense under the same article as ethnic intimidation. *See* 18 Pa.C.S. § 2709.