J-S83038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
       v. :
:
ALTON MCCOLLUM, :
:
         Appellant : No. 618 WDA 2016

Appeal from the Judgment of Sentence April 20, 2016
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001073-2015

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JANUARY 03, 2017**

Alton McCollum (Appellant) appeals from the judgment of sentence

entered April 20, 2016, after he was found guilty of burglary, harassment,

and disorderly conduct. We affirm.

The trial court set forth the relevant factual background of this case as

follows.

> [A]t approximately 2:00 p.m., on April 24, 2015 at 51
> Pershing Court, an apartment in a public housing complex in
> Uniontown, Fayette County, Pennsylvania[, Appellant] and a
> female companion loudly knocked on the door of the apartment
> where Megan Trombetta [(Ms. Trombetta)] was staying. Ms.
> Trombetta thought the [person knocking was someone else, and
> when she cracked open the door so as to see who it was,
> [Appellant] and his companion forced their way in. The female
> companion started to throw punches at Ms. Trombetta, and
> [Appellant] hit her twice. [Appellant's] first punch hit her in the
> forehead and the second in her nose, and knocked her out. Ms.
> Trombetta did not open the door completely, and did not invite

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] in, nor did she give him permission to enter the residence. The punches from [Appellant] including the knock-out, caused [Ms. Trombetta] severe pain, including a broken nose[,] scrapes, and contusions. Ms. Trombetta went in and out of consciousness after being knocked out, and heard [Appellant] say he was going to take her to the mountains to kill her as he and his companion were dragging her out to the car.

The lessee of the apartment at 51 Pershing Court on the day of the crimes was Nicole Lloyd [(Ms. Lloyd)]. Although Ms. Lloyd knew [Appellant] then, she did not invite him into her house, did not give him permission to enter the apartment, and she never indicated to him that he had free reign to come and go as he pleased. Ms. Lloyd, who was upstairs [in] the apartment at the time of the crimes, heard the commotion and called the police. Another Commonwealth witness, Alvin Sapp, was repairing a roof across the street when he witnessed the banging on the door and the forcible entry into the apartment by a woman and a man, although he was unable to identify the persons. He subsequently saw the man and woman dragging someone else out of the house and putting her into a car.

Trial Court Opinion (TCO), 5/3/2016, 1-2 (citations omitted).

On April 5, 2016, following a jury trial, Appellant was found guilty of the aforementioned crimes.[1] On April 20, 2015, Appellant received a sentence of 12 to 24 months' incarceration. This timely-filed appeal followed.[2]

On appeal, Appellant challenges the sufficiency of the evidence to sustain his burglary conviction. Appellant's Brief at 7. We address Appellant's issue mindful of the following standard of review.

---

[1] Pertinent to this appeal, Appellant was charged with, but ultimately found not guilty of, simple assault.

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotations omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007). To sustain a conviction for burglary, "the Commonwealth must prove that the defendant entered a building or occupied structure with the intent of committing a crime therein, unless the structure is open to the public or the defendant had a license or privilege to enter the structure." *Commonwealth v. Morales*, 91 A.3d 80, 88 (Pa. 2014).

Appellant argues the Commonwealth failed to meet its burden in establishing that he entered the apartment with the intent to commit a crime therein. Appellant's Brief at 11. Additionally, relying on this Court's decision in *Commonwealth v. Brown*, 886 A. 2d 256 (Pa. Super. 2005), Appellant avers his conviction for burglary must be reversed since he was found not guilty of simple assault. Appellant's Brief at 12 ("The Commonwealth

specifically stated that [Appellant] unlawfully entered the apartment with the intent to commit the crime of simple assault. At trial, the jury found [Appellant] not guilty of simple assault.").

Considering all of the evidence, the trial court offered the following:

> Clearly in light of the evidentiary summary set forth above, the trial evidence was more than sufficient to establish that the apartment at 51 Pershing Court was an occupied residence at the time it was forcibly entered by [Appellant] and his accomplice. That [Appellant] intended to commit the crime of assault when he pushed his way in is amply demonstrated by the immediate engaging in assaultive conduct by [Appellant] against Ms. Trombetta, without asking any questions or making any demand, as soon as his entry into the residence was complete.

TCO, 5/3/2016, at 2-3.

First, in reviewing the evidence in a light most favorable to the Commonwealth, we disagree with Appellant's contention that the Commonwealth failed to establish all the elements of burglary. There was ample testimony from multiple witnesses that both Appellant and his cohort pushed their way into Ms. Trombetta's residence without permission to do so. N.T., 4/5/2016, at 8, 35, 41. Further, Appellant testified that he had spent the morning looking for Ms. Trombetta's whereabouts after he awoke to find his belongings, including cash, missing from his home. *Id.* at 67-69, 79. He testified that he suspected Ms. Trombetta had stolen from him, and intended to confront her. *Id.* at 69, 83. Based on this testimony and the evidence presented, it was reasonable for a jury to conclude that Appellant entered an occupied apartment, without permission, with the intent of

- 4 -

committing a crime therein. *See Commonwealth v. Lease*, 703 A.2d 506, 509 (Pa. Super. 1997) (quoting *Commonwealth v. Alston,* 651 A.2d 1092, 1095 (Pa. 1994)) ("'Once [a defendant] has entered [a] private residence by criminal means we can infer that [defendant] intended a criminal purpose based upon the totality of the circumstances.... [T]he Commonwealth is not required to allege or prove what particular crime [defendant] intended to commit after ... forcible entry[.]'"). Additionally, it is well-established that "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Hughes*, 908 A.2d 924, 928 (Pa. Super. 2006).

Next, we address Appellant's argument, relying on *Brown*, that since he was found not guilty of simple assault, his burglary conviction must be reversed. In *Brown*, Brown was arrested and charged with, *inter alia*, attempted burglary and attempted theft. 886 A.2d at 257. Pertinent to his appeal, Brown's charge for attempted burglary specifically stated that Brown had unlawfully entered the building with the intent to commit a "theft." *Id.* Brown was ultimately acquitted of attempted theft, but was found guilty of attempted burglary. *Id.* On appeal, Brown argued the evidence was insufficient to convict him of attempted burglary "after the trial court found

[he] did not have the specific intent to commit a theft, the specifically charged predicate crime of the burglary[.]" *Id.* at 258.

The *Brown* Court concluded Brown's claim had merit. Specifically, while acknowledging that the Commonwealth need neither specify nor prove the crime a defendant intends to commit, this Court nonetheless held that when the Commonwealth **does** specify, "in the information or indictment, the crime defendant intended to commit, the Commonwealth must prove the requisite intent for that particular crime in order to prove a burglary." *Id.* at 260.

Here, as cited by Appellant, the criminal information under the charge of burglary stated that "the defendant entered the residence leased by Nicole Lloyd at 51 Pershing Court, Uniontown City, Fayette County, Pennsylvania, uninvited, and assaulted the victim, [Ms. Trombetta.]" Appellant's Brief 11-12. Because of this language, Appellant contends the decision in *Brown*, "is directly on point." *Id.* at 12.

We disagree. We find the criminal information sheet in *Brown*, which listed the intended crime as "theft," distinguishable from Appellant's information sheet. Specifically, under the charge of burglary, Appellant's information sheet did not list the intended crime as "assault." Rather, the information only provided a factual summary, in which it stated that Appellant had entered the residence without permission and assaulted Ms.

Trombetta. Notably, nowhere on the information sheet does it state that Appellant entered 51 Pershing Court with the **intent** to commit assault.

Furthermore, the Commonwealth provided ample evidence through several witnesses who testified that Appellant had forced his way into the apartment and accosted Ms. Trombetta. Coupled with Appellant's own testimony that he arrived at 51 Perishing Court to confront Ms. Trombetta, who he suspected had stolen from him, a factfinder could conclude that Appellant entered, uninvited, with the intent to recover his belongings by any means necessary.

Based on the testimony, the jury could have found that Appellant entered the apartment with the intent to commit theft or kidnapping. That he was acquitted of assault is of no moment. No relief is due.

In light of the foregoing, we find the evidence was more than sufficient to permit the jury to conclude that Appellant committed a burglary. Accordingly, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/3/2017</u>