J-S23027-20

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JASPER EDWIN OLIVER :
:
Appellant : No. 3295 EDA 2018

Appeal from the Judgment of Sentence Entered October 9, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008031-2016

BEFORE: NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.: **FILED JUNE 10, 2020**

Jasper Edwin Oliver (Appellant) appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his bench trial conviction of one count of criminal use of a communication facility.[1] On appeal, Appellant challenges the sufficiency of the evidence and the legality of his sentence. Because we agree the evidence was insufficient to support the verdict, we reverse Appellant's conviction and vacate the judgment of sentence.

The facts underlying Appellant's conviction are summarized by the trial court as follows:

> On April 14, 2016, authorities met with a then confidential informant named Danielle Miller who informed them that an individual named Joseph Wesley had contacted her through text

_____

[1] 18 Pa.C.S. § 7512(a).

messages with respect to assault rifles he wished to sell. On April 15, 2016, authorities utilized Ms. Miller to effectuate a controlled purchase of these rifles. During this transaction, Mr. Wesley had a brief interaction with [Appellant] in front of a residence at 35 Holland Avenue in Ardmore, PA. Following the transaction, authorities confirmed the weapons Ms. Miller had purchased from Mr. Wesley were two assault rifles.[2]

_____

[2] The court found [Appellant] not guilty of all of the charges associated with this transaction.

_____

On June 14, 2016, Danielle Miller informed authorities that she had received a text message from Mr. Wesley containing a picture of a semi-automatic rifle. On June 20, 2016, Ms. Miller received another text message offering the semi-automatic rifle for sale and a nine millimeter semi-automatic pistol for $2,700 total. On June 28, 2016, Mr. Wesley again contacted Ms. Miller via text message and offered to sell her the previously referenced guns. One of the text messages contained a picture of the nine millimeter semi-automatic pistol. The message itself was a screen shot of a message emanating from the number 215-680-7431, which was later revealed to belong to [Appellant]. Mr. Wesley also offered to sell Ms. Miller cocaine. Later that day, authorities utilized Ms. Miller to effectuate a controlled purchase of the semi-automatic rifle, nine millimeter semi-automatic pistol and cocaine and supplied her with $3,300 in prerecorded buy money and a recording device. The authorities also set up surveillance near Ms. Miller and Mr. Wesley's designated meeting spot. Following the transaction, authorities confirmed Mr. Wesley had sold Ms. Miller a semi-automatic rifle, a Highpoint nine millimeter semi-automatic pistol, and one clear bag containing two clear bags of cocaine.

On August 22, 2016, authorities effectuated a traffic stop on [Appellant] in which he supplied his cell phone number (215-680-7431) and his address of 35 Holland Avenue, Ardmore, PA. As part of the investigation into the Joseph Wesley matter, authorities conducted a public records check on the 215-680-7431 cell phone number associated with the picture of the nine millimeter semi-automatic pistol and were able to confirm the number was being utilized by [Appellant]. Further information revealed that [Appellant] had possessed this number since December 2015 and the phone was registered to the address of

35 Holland Avenue, Ardmore, PA. Authorities later reviewed the video surveillance from the April 15, 2016 gun purchase involving Danielle Miller and confirmed [Appellant] was the individual who Joseph Wesley interacted with during the initial stages of transaction. Authorities arrested [Appellant] on October 13, 2016.

Trial Ct. Op., 4/8/19, at 1-2.

Appellant was charged with 22 offenses stemming from Wesley's sale of the firearms to Miller in April and June of 2016, including, persons not to possess firearms (four counts), criminal conspiracy (eight counts), sale or transfer of firearms – ineligible persons (four counts), criminal use of a communication facility (four counts), and possession of a firearm with altered manufacturer's number (two counts).[2] Wesley was charged with similar offenses, and the two cases were consolidated for trial.

On June 13, 2018, the day trial was scheduled to begin, the cases were effectively severed when Wesley decided to proceed on stipulated facts,[3] and Appellant chose to proceed with a bench trial. *See* N.T., 6/13/18, at 15-16. On June 15, 2018, the trial court found Appellant guilty of one count of criminal use of a communication facility (Count 17). With regard to the other charges, the court granted trial counsel's motion for a judgment of acquittal on three offenses relating to one of the firearms sold during the second purchase (the semi-automatic rifle), and found Appellant not guilty of the remaining offenses. *See* N.T., 6/14/18, at 105-06; N.T., 6/15/18, at 3-4. On October

---

[2] 18 Pa.C.S. §§ 903(a)(1), 6105(a)(1), 6110.2(a), 6111(g)(2).

[3] The transcript from Appellant's trial reveals that Wesley stipulated to the "Affidavit of Probable Cause and an NMS report." N.T., 6/13/18, at 16.

9, 2018, the trial court sentenced Appellant to a term of 30 to 60 months' imprisonment, followed by three years' probation.

Relevant to the issue raised herein, the trial court summarized the procedural history of Wesley's case as follows:

> [O]n June 13, 2018, the court held a stipulated bench trial on the charges involving [ ] Wesley which stemmed from the April 15, 2016 and June 28, 2016 transactions described above. On June 15, 2018, the court found [ ] Wesley guilty of four (4) counts of illegal sale or transfer of firearms, three (3) counts of criminal conspiracy, one (1) count of possession with intent to deliver a controlled substance, and one (1) count of possession of a controlled substance. [Wesley was found not guilty of the remaining charges, including persons not to possess firearms. **See Commonwealth v. Wesley**, 3028 EDA 2018 (unpub. memo. at 3 n.2) (Pa. Super. Dec. 12, 2019).]
>
> On July 2, 2017, which was following the verdict but prior to sentencing, the Commonwealth informed the court of its intent to *nolle prosse* five (5) of these counts due to the fact that the length of the guns at issue excluded them from the illegal sale or transfer of firearms statute. These counts included three (3) counts of sale or transfer of firearms and two (2) counts of criminal conspiracy. [These were the rifles sold during the April 2016 transaction.] The Commonwealth, however, did not *nolle prosse* the counts related to the nine (9) millimeter semi-automatic pistol as the length of this gun did not exclude it from the statute.[9] After the above referenced charges were *nolle prossed*, the charges which remained and on which the court imposed sentence were one (1) count of illegal sale or transfer of firearms, one (1) count of criminal conspiracy involving sale or transfer of firearms, one (1) count of possession with intent to deliver a controlled substance and one (1) count of possession of a controlled substance.
>
> _____
>
> [9] This is the firearm pictured in the screen shot which emanated from [Appellant's] cell phone.
>
> _____

- 4 -

As a result of the other firearms charges being *nolle prossed*, the illegal sale of transfer of firearms count and the criminal conspiracy involving the sale or transfer of firearms count were downgraded from felonies to second degree misdemeanors. Specifically, pursuant to 18 Pa.C.S.A. § 6111(h), any second or subsequent violation of the sale or transfer of firearms statute constitutes a second degree felony. Considering [ ] Wesley was convicted of only one count of illegal sale or transfer of firearms, there was no second or subsequent violation of this statute to raise its grading to a felony.

Trial Ct. Op. at 9-10 (some footnotes omitted). We note that Wesley's judgment of sentence was affirmed by a panel of this Court on direct appeal. *Wesley*, 3084 EDA 2018.

Appellant raises the following two issues for our review:

I. Was evidence sufficient to convict [Appellant] of criminal use of a communication facility, 18 Pa.C.S.A. § 7512(a), where that statute only applies to uses that facilitate felonies and it is undisputed that the underlying offense was a misdemeanor?

II. Is [Appellant's] sentence illegal because it exceeds the statutory maximum?

Appellant's Brief at vii.[4]

Appellant's first issue challenges the sufficiency of the evidence supporting his conviction. When reviewing a sufficiency challenge, we must consider "whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the factfinder to

---

[4] We note that both the trial court and the Commonwealth concede Appellant's sentence is illegal because the aggregate term (eight years) exceeds the statutory maximum of seven years for a third-degree felony. **See** Trial Ct. Op. at 5-6; Commonwealth's Brief at 23-24. **See also** 18 Pa.C.S. § 1103(3). However, because, as we conclude **infra**, the evidence was insufficient to support the verdict, Appellant's sentencing claim is moot.

conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." ***Commonwealth v. Crabill***, 926 A.2d 488, 490 (Pa. Super. 2007) (citation omitted).

Here, Appellant was convicted of only one offense — criminal use of a communication facility. A person commits that offense if they "use[ ] a communication facility to commit, cause **or facilitate the commission** or the attempt thereof **of any crime which constitutes a felony** . . . ." 18 Pa.C.S. § 7512(a) (emphasis added). The statutory definition of "communication facility" includes a cell phone. ***See*** 18 Pa.C.S. § 7512(c) (defining "communication facility" as, *inter alia*, "[a] private instrumentality used . . . in the transmission of . . . sounds, . . . including [a] telephone"). Therefore, in order to secure a conviction of criminal use of a communication facility, the Commonwealth must prove:

> (1) Appellant[ ] knowingly and intentionally used a communication facility; (2) Appellant[ ] knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred. . . . If the underlying felony never occurs, then Appellant[ has] facilitated nothing and cannot be convicted under § 7512.

***Commonwealth v. Moss***, 852 A.2d 374, 382 (Pa. Super. 2004). However, the statute "does not require that the defendant be the one to commit the underlying felony." ***Id.*** In ***Moss***, this Court reversed the judgments of sentence as to two of the three defendants; although the evidence proved the defendants "engaged in drug-related telephone conversations with a known

drug trafficker[,]" there was no evidence the drug trafficker delivered, or even attempted to deliver, the drugs they discussed. *Id.* at 383-84.

In the present case, Appellant contends the Commonwealth failed to prove he facilitated an underlying felony. Appellant's Brief at 8. Indeed, Appellant maintains the charge is "premised entirely upon allegations that he forwarded a text in aid of an illegal sale of a [nine] millimeter pistol . . . [and t]he commission of that sale was a misdemeanor." *Id.* He insists that because "no specific felony was carried out," his conviction should be reversed. *See id.* at 13.

The trial court, however, found the evidence was sufficient to demonstrate Appellant intended to facilitate a felony because the sale of the nine millimeter pistol was one of several guns Wesley sold to Miller. Trial Ct. Op. at 10. The court opined:

> Here, [Appellant] used his cell phone to facilitate [ ] Wesley's sale of a nine millimeter semi-automatic weapon to [ ] Miller. Although the charges involving the other weapons [ ] Wesley sold to [ ] Miller were *nolle prossed* and the sale of the nine millimeter semi-automatic weapon was downgraded to a misdemeanor, the end result of a felony conviction is not necessary to demonstrate a felony occurred. [Appellant's] intent when sending his text message to [ ] Wesley was to facilitate a transaction involving a gun. The evidence clearly indicates this transaction actually occurred. This gun was one of several which [ ] Wesley sold to [ ] Miller.
>
> *        *        *
>
> . . . Although [ ] Wesley was never convicted of these other transactions, this felonious conduct still transpired.

*Id.* at 10-11. We disagree.

- 7 -

The sale of the nine millimeter pistol was graded a misdemeanor. **See** 18 Pa.C.S. § 6111(g)(1) ("Any person . . . who knowingly or intentionally sells . . . a firearm in violation of this section commits a misdemeanor of the second degree."). The court acknowledges that the only reason the offense was graded as a felony was that the Commonwealth intended to convict Wesley of the April 2016 sale of two rifles, which would have made the sale of the nine millimeter pistol a "second or subsequent violation" under the statute. **See** 18 Pa.C.S. § 6111(h)(1) ("A second or subsequent violation of this section shall be a felony of the second degree."); Trial Ct. Op. at 10-11. However, neither Wesley nor Appellant was convicted of any offenses involving the April 2016 sale. Therefore, it was error for the trial court to consider the sale of the nine millimeter pistol as a felony for purposes of Section 7512.[5]

---

[5] We note, too, that the trial court's reliance on **Commonwealth v. Ortega**, 3227 EDA 2016 (unpub. memo.) (Pa. Super. 2017), is misplaced. First, as an unpublished decision, filed before May 1, 2019, **Ortega** should not be relied upon, as it has no precedential value. **See** 210 Pa. Code § 65.37(B) (unpublished memorandum decision filed before May 2, 2019, may not be cited or relied upon by a court or party unless it is "relevant under the doctrine of law of the case" or involves the same defendant).

Second, **Ortega** is distinguishable on its facts. In that case, the defendant was convicted of one count of criminal use of a communication facility when he used his cell phone to facilitate his co-defendant's drug transaction with a confidential informant. **Ortega**, 3227 EDA 2016 (unpub. memo. at 7). Although the jury acquitted him of the underlying felony drug sale and conspiracy charges, the panel concluded the "Commonwealth presented overwhelming evidence that [the defendant] facilitated the transaction whereby [his co-defendant] intended to sell fifty bags of heroin to the [informant, and the defendant] was fully aware of what [his co-defendant] intended to do that day[.]" **Id.** Significantly, the decision does not reveal

Nevertheless, as the Commonwealth notes in its brief, the sale of the nine millimeter pistol "was not the only underlying crime on which the Commonwealth pursued the criminal use of communication facility charge." Commonwealth's Brief at 17. Indeed, Appellant was found guilty of Count 17 in his Information,[6] which reads as follows:

COUNT 17: CRIMINAL USE OF A COMMUNICATION FACILITY

187512A — Felony 3rd DEGREE

Did unlawfully use a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime, to wit: PERSONS NOT TO POSSESS, USE, MANUFACTURE, CONTROL, SELL OR TRANSFER FIREARMS

Appellant's Information, 6/5/17, at 3. Thus, the underlying felony the Commonwealth charged Appellant with facilitating was persons not to possess firearms. *See* 18 Pa.C.S. § 6105(a), (a.1) (person, previously convicted of enumerated offense, who, *inter alia*, possesses or sells firearm commits felony).

Here, the Commonwealth insists it satisfied the elements of the crime of criminal use of a communication facility: "Based on the uncontroverted evidence that [ ] Wesley was a person not to possess a firearm in light of his previous Drug Act conviction, and that he possessed the [nine] millimeter

_____

what charges the co-defendant was convicted of, only that she "agreed to testify for the Commonwealth in exchange for a more favorable disposition of her charges." *Id.* at 2-3 (citation omitted). Here, however, neither Appellant nor Wesley were convicted of any of the underlying felony offenses.

[6] *See* N.T., 6/15/18, at 4.

pistol, despite his status as a person not to possess a firearm, [Appellant] did indeed facilitate the felony offense of person not to possess a firearm." Commonwealth's Brief at 16. This purported uncontroverted evidence is the October 13, 2016, affidavit of probable cause — a document Wesley stipulated to — which revealed Wesley's prior conviction of possession with intent to deliver a controlled substance. ***See id.*** at 15. The primary fallacy in Commonwealth's argument is that Wesley's stipulation to the affidavit of probable cause is **not binding** on Appellant, and there was **no** testimony or evidence presented during Appellant's trial establishing that Wesley had a prior conviction which prohibited him from possessing a firearm.[7] Thus, we conclude the evidence was insufficient to establish Appellant "facilitated" the felony offense of persons not to possess a firearm.

The Commonwealth also argues the evidence established Appellant facilitated Wesley's felony possession of a firearm with an altered manufacturer's number. Commonwealth's Brief at 11. ***See*** 18 Pa.C.S. § 6110.2 (any person who "possess[es] a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated" commits a felony of the second degree). It contends:

> The record makes clear that [ ] Wesley possessed a firearm with an altered manufacturer's number; to wit, the [nine] millimeter

---

[7] Moreover, it bears mention that despite the existence of the "uncontroverted" evidence in the affidavit, the trial court **acquitted** Wesley of the Section 6105 charges. ***See Wesley***, 3084 EDA 2018 (unpub. memo. at 3 n.2).

pistol that [Appellant] sent him a photograph of through his cell phone. Not only did [Appellant] stipulate that the firearm had an obliterated serial number, but both the screen-shot of the gun as well as the actual gun itself were entered into evidence at trial; both displayed the scratched-off serial number.

Commonwealth's Brief at 13.

We disagree. As noted above, Appellant was charged with facilitating the felony of persons not to possess firearms; he was **not charged** with facilitating the possession of a firearm with an altered manufacturer's number. For that reason alone, this argument fails. **See** Pa.R.Crim.P. 560(D) ("In all court cases tried on an information, the issues at trial shall be defined by such information."); **Commonwealth v. Brown**, 886 A.2d 256, 260 (Pa. Super. 2005) (holding when Commonwealth "does specify, in the information . . ., the crime defendant intended to commit, the Commonwealth must prove the requisite intent for that particular crime in order to prove a burglary or attempted burglary."). Moreover, although it is true the parties stipulated that "two of the firearms had obliterated serial numbers," the transcript does not specify which two, of the four firearms at issue, had altered serial numbers.[8] **See** N.T., 6/14/18, at 5. Indeed, our review of the transcript reveals no mention at all that the nine millimeter pistol had an altered manufacturer's number.

Therefore, because we agree that the Commonwealth did not present sufficient evidence to establish that Appellant used his cell phone to facilitate

---

[8] We note, similarly, Appellant's information did not identify the specific firearms that had altered manufacturer's numbers. **See** Appellant's Information, 6/5/17, at Counts 21-22.

- 11 -

a felony, we reverse his conviction of criminal use of a communication facility, and vacate his judgment of sentence. As this was Appellant's sole conviction, we also order that he be discharged.

Conviction reversed, and judgment of sentence vacated. Appellant is ordered discharged.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>6/10/2020</u>