J-S29042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN TRAVIS MOLLIVER :
:
Appellant : No. 279 WDA 2022

Appeal from the Judgment of Sentence Entered February 7, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000483-2021

BEFORE: PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: DECEMBER 19, 2022**

John Travis Molliver appeals from the judgment of sentence imposed
following a jury trial in which he was found guilty of burglary, criminal
trespass, and theft by unlawful taking.[1] For these offenses, Molliver received
an aggregate two to four years of incarceration. On appeal, Molliver challenges
the importance of an alleged error on the verdict slip as well as the sufficiency
of the evidence utilized in convicting him of burglary. We affirm.

Briefly, in adopting the overview provided by the trial court, Molliver
entered an unoccupied residence and, *inter alia*, proceeded to take some of
the items that he found inside.

A Pennsylvania State Trooper testified at trial that he found

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 3502(a)(2); 18 Pa.C.S.A. § 3503(a)(1)(i); and 18
Pa.C.S.A. § 3921(a), respectively.

[Molliver] inside the home's basement, rummaging through drawers. Items from inside the residence were found on [Molliver's] person. Further, welding tanks and a cart, which had days earlier been seen by the Trooper [as] sitting outside the residence, were found inside [Molliver's] vehicle that was parked in the driveway. The owner of the property testified at trial that he did not know [Molliver], nor did he give [Molliver] permission to enter the residence, and that the value of the items stolen totaled approximately $360. Additional fact witnesses, including the members of law enforcement who investigated the case, were called by the Commonwealth. [Molliver] elected not to testify in his own defense, and called no other witnesses.

Trial Court Opinion, dated 4/13/22, at 4-5.

After the jury returned a guilty verdict on the three aforementioned crimes, Molliver filed a post-trial motion seeking relief and/or a judgment of acquittal, which was denied. Following sentencing, Molliver filed a timely notice of appeal to this Court. Thereafter, the relevant parties complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925. As such, this appeal is ripe for review.

Molliver presents two issues for review:

1. Did the trial court err in upholding his conviction where the jury found him guilty of burglary of a building, but that same jury wrote on the verdict slip that the prerequisite crime he intended to commit inside the building was burglary?

2. Was the evidence offered by the Commonwealth sufficient to support each element of burglary beyond a reasonable doubt where the jury failed to identify an independent crime he intended to commit when he entered the building?

*See* Appellant's Brief, at 6.

Burglary, in this particular case, requires two elements: (1) a person must enter "a building or occupied structure … that is adapted for overnight

accommodations in which at the time of the offense no person is present"; and (2) that same person must have "the intent to commit a crime therein". 18 Pa.C.S.A. § 3502(a)(2). On the verdict slip, the jury found Molliver guilty of burglary at this subsection, but on the line identifying the predicate "[t]ype of crime intended[,]" it wrote "burglary". Verdict Slip, dated 10/18/21.

"[T]he Commonwealth is not required to specify what crime a defendant, who is charged with burglary … was intending to commit." ***Commonwealth v. Brown***, 886 A.2d 256, 260 (Pa. Super. 2005) (citation omitted). Moreover, "the Commonwealth need not prove the underlying crime to sustain a burglary conviction." ***Id***. (citation omitted). However, "[w]hen the Commonwealth does specify, in the information or indictment, the crime defendant intended to commit, the Commonwealth must prove the requisite intent for that particular crime in order to prove a burglary[.]" ***Id***. (citation omitted).

On the information, in the count one charge of burglary, the Commonwealth alleged that Molliver entered a building or occupied structure with an intent to commit theft. ***See*** Information, at 1 (unpaginated). Thereafter, at count three, in charging him with theft by unlawful taking, the Commonwealth averred that Molliver unlawfully took "propane tanks, metal links, paintbrushes, cards, stickers, insect repellant, and other miscellaneous items … with an intent to deprive [the owner of that property]." ***Id***. (capitalization altered). As the factual recitation indicates, the tanks were

- 3 -

located outside of the building, while all of the other items enumerated were contained within.

Molliver's argument, when distilled down, is that given the error associated with the jury writing that Molliver intended to commit burglary while engaging in a burglary, instead of some other identified crime, it was possible that the jury could have found he did not intend to commit any crimes *within* the property, itself. If there was no intent to commit an independent crime in conjunction with his entrance into the building, pursuant to burglary's statutory elements, Molliver could not be found guilty of that offense. Furthermore, even though he was found guilty of theft by unlawful taking, that theft offense could have been exclusively related to his taking of tanks that were originally located *outside* of the building.

Other than identifying that the Commonwealth was required to show that he had an intent to engage in theft concomitant with his entrance into the building, an onus that is exclusively on the Commonwealth, Molliver has provided no authority to establish that the jury's subsequent incorrect completion of the verdict slip provides him with any basis for relief. As such, without any sort of citation to demonstrate that the verdict slip, as completed, provides an arguable ground for the vacation of his burglary conviction, this claim could very well be waived for lack of development. ***See, e.g.***, ***in re W.H.***, 25 A.3d 330, 339 (Pa. Super. 2011) (citations omitted) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to

relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *see also* Pa.R.A.P. 2119(a).

Substantively, however, the jury unequivocally found Molliver guilty of burglary. That burglary conviction, juxtaposed against the criminal information, was predicated on an allegation of theft, which was itself derivative of the accusation that Molliver, in listing specific pieces, had stolen items from both inside and outside of the at-issue property.

At trial, after being asked about no fewer than eight items that were taken from him, e.g., stickers, paint brushes, insect repellant, etc., the property owner stated that those items were kept within the building Molliver had entered. *See* N.T., 10/18/21, at 75-78. Additionally, Molliver admitted to the arresting Trooper that he had taken those items from the inside of the building, believing them to be "just a bunch of a junk … [not] worth anything anyway[.]" *Id*., at 35-36.

Molliver does not contest the jury instructions, as given, or the verdict slip, as it was typed out. Instead, despite it establishing that he was guilty of burglary, he finds fault with the "ambiguous" nature of the jury's verdict slip. In necessarily implicating his second claim on appeal, which challenges the sufficiency of evidence, the notion that the Commonwealth failed to demonstrate that Molliver was guilty of burglary beyond a reasonable doubt is refuted by the record. As they are wholly related to one another, Molliver is not entitled to relief on either issue.

As with any sufficiency claim,

[t]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa. Super. 2016) (citation omitted). "It is well settled that the jury is free to believe all, part, or none of the evidence to determine the credibility of witnesses." *Commonwealth v. Houser*, 18 A.3d 1128, 1136 (Pa. 2011). Furthermore, evidence used to convict may be entirely circumstantial so long as the accused is linked to a crime beyond a reasonable doubt. *See Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

Here, the jury could have returned a verdict of not guilty for burglary, but it did not. Instead, while we cannot posit as to its specific rationale in adjudicating guilt, we find that, as verdict winner, the Commonwealth sufficiently demonstrated that Molliver, upon entering the building, had the specific intent to engage in theft of the property that was found therein, which is a criminal act. Therefore, predicated on Molliver's actions and intentions prior to and while within the building, the jury's finding of guilt as to the burglary offense was supported by the record.

We emphasize that Molliver does not challenge the "entrance" element necessary to establish burglary. Therefore, the only outstanding component is whether Molliver intended to commit a crime therein. With that in mind, the jury was free to disbelieve the property owner when he indicated that his stolen chattel was, prior to its theft, located within his building. Moreover, the jury was free to disbelieve the Trooper when he relayed that Molliver had admitted to stealing those items that had been previously located within the property, with Molliver deeming those things to not be of use to anyone else. Despite having not expressly indicated which crime Molliver intended to commit in conjunction with his burglary, we find that the jury's apparent error is harmless considering both the ultimate guilty verdict and, too, the evidence of record establishing that Molliver desired to take items that had been previously contained within the burglarized building.

As the Commonwealth sufficiently provided evidence of the "intent" element necessary to establish the commission of a burglary and because Molliver failed to demonstrate that the verdict slip, as it had been filled out, contains a fatal error, neither of Molliver's claims hold any merit. Accordingly, he is due no relief, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2022